**HILLS BROS. COFFEE, INC., Plaintiff-Appellant,**

v.

**HILLS SUPERMARKETS, INC., Defendant-Appellee.**

No. 817, Docket 34765.

United States Court of Appeals, Second Circuit.

Argued June 1, 1970.

Decided June 9, 1970.

**380**

David H. T. Kane, New York City (Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City), (Townsend & Townsend, San Francisco, Cal., of counsel), for plaintiff-appellant.

Marshall C. Berger, New York City (Weil, Gotshal & Manges, New York City, Edward C. Wallace, New York City, of counsel), for defendant-appellee.

Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

Hills Bros. Coffee, Inc. [hereinafter HB] appeals that portion of an order by the United States District Court for the Southern District of New York, Harold R. Tyler, Judge, 310 F.Supp. 1046, which denied a preliminary injunction against Hills Supermarkets, Inc.'s [hereinafter HSI] proposed use of HILLS on coffee and coffee related products. The only temporary relief granted by the order was a preliminary injunction against HSI's use of "shelf-talkers" (tags) containing the handprinted legend Hills Coffee on the outer edge of the shelf divider between HB's coffee and HSI's coffee; all other requests for temporary injunction and summary judgment in this trademark infringement suit brought by HB were denied. We find error in the denial of the preliminary injunction in regard to HSI's proposed use of HILLS on its coffee.

To obtain a preliminary injunction, a plaintiff in a trademark infringement suit must show probability of success on trial and irreparable damage resulting from a denial of the injunction. W. E. Bassett Co. v. Revlon, Inc., 354 F.2d 868 (2d Cir. 1966). In order for HB to prove infringement of its trademarks at trial, it must show that the proposed HSI mark on the coffee is likely to cause confusion, cause mistake or deceive; see Miss Universe, Inc. v. Patricelli, 408 F.2d 506 (2d Cir. 1969); Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538 (2d Cir. 1956); to the degree that the determination of likelihood of confusion rests upon a comparison of the marks as here, however, the appellate court is in as good a position as the trial judge to decide the issue. Miss Universe, Inc. v. Patricelli, *supra*. While we ordinarily phrase the rule on review of denial of preliminary injunction as calling for reversal only for abuse of discretion, see e. g. Packard Instrument Co. v. ANS et al., 416 F.2d 943 (2d Cir. 1969), where the denial rests on a finding (confusion of marks) which we may determine on an equal basis with the trial judge, we need not uphold the denial. On reviewing the documentary evidence and exhibits, we are satisfied that HB has demonstrated a sufficient likelihood of confusion be-

tween the proposed HILLS label of HSI and the HILLS BROS. label on coffee cans and jars to require a preliminary injunction. Since the two types of coffee will be located in the same area, often next to each other on the shelves at HSI stores, and the word HILLS is so prominent a part of each, reasonably careful shoppers may well confuse the two. Moreover, it is not only on the shelves that the two products are advertised; radio and newspaper ads, as well as word of mouth, may carry an advertising message. In those media, distinctive labels will be absent, and HILLS BROS. will probably be referred to as HILLS, making confusion virtually certain. Under the circumstances shown, HB has sustained the burden of showing a likelihood of confusion by shoppers in HSI stores.

■ HB's federal registration of the trademarks HILLS BROS. and HILLS as well as HB's presence in the New York area (and areas including New York) since 1922 sufficiently indicate a probability that HB can establish that its marks have priority in time concerning the use of the name HILLS on coffee in this area; HSI has yet to use that name alone on coffee and has constructive notice of HB's trademarks. See 15 U.S.C. § 1072; Dawn Donut Co., Inc. v. Hart's Food Stores, Inc., 267 F.2d 358 (2d Cir. 1959). The proof introduced on this issue of priority, documentary in nature, shows a likelihood of success by HB on the question.

■ Unless a preliminary injunction is issued in regard to the use of HILLS on HSI's coffee, the appellant would suffer the prospect of serious dilution of its mark by purchasers buying appellee's coffee by mistake with HB becoming associated with that coffee, rather than HB's own, thereby placing HB's sales and reputation in danger pending the final outcome of the trial. We therefore reverse with instructions to extend the preliminary injunction on the proposed use of the name HILLS to its use on coffee by HSI. It is suggested that the trial be expedited.