The AMERICAN BOARD OF TRADE, INC., Plaintiff,

v.

The AMERICAN STOCK EXCHANGE, INC., et al., Defendants.

No. 77 Civ. 808 (MP).

United States District Court, S. D. New York.

April 25, 1977.

---

David C. Buxbaum, New York City, for plaintiff.

Lord, Day & Lord, New York City, for defendants; John J. Loflin, R. Scott Greathead, and Darrell E. Prescott, New York City, of counsel.

POLLACK, District Judge.

This is a motion for a preliminary injunction pursuant to Fed.R.Civ.P. 65.

Plaintiff, the American Board of Trade, ("ABT"), is a Delaware corporation with its principal place of business in New York City. Defendant, the American Stock Exchange, ("ASE"), is a New York corporation with offices in New York. The individual defendants are employees of ASE.

Plaintiff commenced this action on February 18, 1977, asserting claims under the Sherman Act, 15 U.S.C. § 1 *et seq.*, the Commodity Exchange Act, as amended by

the Commodity Futures Trading Commission Act, 7 U.S.C. §§ 1–22, and under the laws of the State of New York. Pursuant to an order to show cause returnable on April 7, 1977, plaintiff seeks the preliminary injunction here at issue.

The American Board of Trade operates a "marketplace" for the sale of spot gold and silver bullion and for the sale of options on these commodities. The American Stock Exchange has recently announced plans to establish an exchange upon which options on gold and silver bullion will be traded. In addition, ASE has announced that its planned exchange "would probably be the only one trading options on actual gold and silver bullion, rather than on futures contracts on the precious metals."

Plaintiff claims that ASE's proposed plan is an attempted monopolization because it is clear that when ASE enters the relevant commodities option market, it will obtain the lion's share of that market, due to its size and due to its connections with the nation's securities dealers; and that the plan violates state law in that it is a misappropriation of a business plan.

Plaintiff also claims that the abovementioned press release is a part of ASE's attempted monopolization, and is independently actionable as a violation of the Commodity Exchange Act, *supra,* and of state law.

Plaintiff now seeks to enjoin ASE, during the pendency of this action, (1) from making any public pronouncements that it is or will be the only exchange dealing in options on gold and silver bullion, and (2) from engaging in any commercial or other activity in cash commodities and commodity options in the gold and silver bullion markets.

■, In order to obtain a preliminary injunction, "the movant must make ' "a clear showing of either (1) probable success on the merits *and* possible irreparable injury, or (2) sufficiently serious questions going to the merits ᵗᴑ make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief." '  . .

[R]elief can be awarded only upon a *clear* showing that the movant is entitled to the relief, and  .   .   . in making such a showing the movant bears a heavy burden. Moreover, though not evident on its face,  .   .   . 'the balancing of hardships test  .   .   . necessarily includes the showing of irreparable harm.' " *New York v. Nuclear Regulatory Commission,* 550 F.2d 745, 750 (2d Cir. 1977) (citations omitted). To the same effect, *see, Triebwasser & Katz v. American Tel. & Tel. Co.,* 535 F.2d 1356, 1358 (2d Cir. 1976); *Sonesta Int'l. Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir. 1973).

Suffice it to say that plaintiff's claims may properly be characterized as raising doubtful and possibly premature questions going to the merits and as doubtful ground for litigation.

■ Plaintiff's claim of attempted monopolization—insofar as it is grounded on the size and connections of ASE—is a contention of questionable legal validity. *Cf. International Business Machines Corp. v. United States,* 298 U.S. 131, 139–40, 56 S.Ct. 701, 80 L.Ed. 1085 (1936). In any event, ASE has not yet entered the relevant market and states that it will do so only with the approval of, and subject to the regulations of, the Commodity Futures Trading Commission; plaintiff has simply failed to demonstrate a "dangerous probability of success" with respect to the alleged attempted monopolization. *FLM Collision Parts, Inc. v. Ford Motor Co.,* 543 F.2d 1019, 1030 (2d Cir. 1976). Moreover, no factual showing has been made that a conspiracy may exist in which ASE is a party. *Solomon v. Houston Corrugated Box Co.,* 526 F.2d 389, 396–97 (5th Cir. 1976).

■ Plaintiff's claim of attempted monopolization based on the allegedly false press release—if at all valid—would require a showing that ASE intended to injure ABT thereby, *Lorain Journal v. United States,* 342 U.S. 143, 150–55, 72 S.Ct. 181, 96 L.Ed. 162 (1951), and no such showing has been made here.

■ The Commodity Exchange Act provisions upon which ABT relies appear to be

limited solely to transactions in commodities and unrelated to the formation of an exchange on which options may be traded. The contention that a plan allegedly contrived by the plaintiff will be appropriated under the ASE proposals even if factual would seem to clash with the New York rule which does not appear to recognize a property right with respect to a system of doing business. *Germanow v. Standard Unbreakable Watch Crystals, Inc.,* 283 N.Y. 1, 16, 27 N.E.2d 212 (1940). There has been no showing that the press release was false,* R. Callman, *Unfair Competition, Trademarks, and Monopolies,* Vol. 2, at 39 (1976 Supp.), or, as previously mentioned, that ASE intended to injure ABT as a result thereof. *United States Aluminum Siding Corp. v. Dun & Bradstreet, Inc.,* 163 F.Supp. 906 (S.D.N.Y.1958).

It appears that ASE will not implement its commodities option exchange plan for some time to come. Enjoining ASE from all commercial and other activity relative to that exchange, while the exchange is still in the planning stages, would unnecessarily and improvidently impede plans which are said to require a year to bring to fruition. Until ASE actually enters the market no harm of significance will realistically accrue to ABT.

ABT has demonstrated neither irreparable harm nor a balance of hardships tipping in its favor insofar as it seeks to enjoin ASE from all commercial and other activity relative to ASE's plan to set up a commodities option exchange.

Furthermore, ABT has not demonstrated any harm to it from the allegedly false press release, or that such a press release is likely to be republished. Accordingly, it has not shown the type of harm requisite to an injunction against future speech.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a) Fed.R.Civ.P.

The motion for a preliminary injunction is, in all respects, denied.

SO ORDERED.

---

\* ASE contends that it will only enter the relevant commodities option market if it is licensed to do so by the Commodity Futures Trading Commission, and further contends that the Commission will only allow this type of option trading, if at all, by licensed exchanges. If the Commission will not license ABT—it has already refused to with respect to futures trading,—the statement in the press may be viewed as true.