Harry J. RUECKERT, Individually and on behalf of all members entitled to vote in an election of Sheet Metal Workers' International Association, Local Union No. 28, Plaintiffs,

v.

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, James Nixon, Arthur Moore and Nicholas Manzo, Defendants,

Sheet Metal Workers' International Association, Local Union No. 28, Additional Defendant Pursuant to Rule 19(a) of the Federal Rules of Civil Procedure,

and

Ruby Kramer, Arthur Hein, Louis Vanasse, John DiClemente, Ted Callahan, Paul Corsello, Robert Schluter, Steven Moxie, Frank Klein, John Loonie and Samuel Elnick, Additional Defendants in Contempt.

No. 77 Civ. 2908.

United States District Court, S. D. New York.

Oct. 5, 1977.

Milgrim, Thomajan & Jacobs, New York City, for plaintiffs; by Samuel D. Rosen, New York City, of counsel.

Cohen, Weiss & Simon, New York City, for defendant Sheet Metal Workers' Intern. Ass'n; by Rosalind A. Kochman, New York City, of counsel.

Mulholland, Hickey, Lyman, McCormick, Fisher & Hickey, Toledo, Ohio, for defendants Intern., etc. and James Nixon; by Donald W. Fisher, Toledo, Ohio, of counsel.

Raphael, Searles, Vischi, Scher, Glover & D'Elia, for defendants Local Union No. 28, Arthur Moore and Samuel Elnick; by Edmund D'Elia, New York City, of counsel.

Gerald J. Dunbar, New York City, for additional defendant Steven Moxie.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

On June 15, 1977, plaintiff Harry J. Rueckert, then president of Sheet Metal Workers' International Association, Local 28 ("Local 28"), began this action by filing a

---

1. Rueckert also seeks to proceed on behalf of all members of Local 28 entitled to vote in "local" elections. At this time a motion to certify the class is under advisement.

verified complaint together with an order to show cause for a preliminary injunction and a temporary restraining order.[1] Rueckert sought damages and a permanent injunction against the Sheet Metal Workers' International Association ("International"), Arthur Moore, a Local 28 representative, Nicholas Manzo, a Local 28 officer, James Nixon, an International officer, and Local 28 itself. Rueckert claimed that the defendants had violated the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 et seq. (1970), by disseminating false charges against him designed to influence the outcome of the upcoming presidential election.[2] Defendant Moore was Rueckert's opponent in that race. On June 15, I issued a temporary restraining order enjoining the defendants, their officers, agents, members, representatives, and all others with knowledge of the order from disseminating the charges theretofore preferred against Rueckert. On June 17, Rueckert returned to this Court seeking to hold defendant Moore in contempt for violating that order. Thereafter, on June 30, Rueckert again sought an order of contempt, this time against Moore, Local 28 and eleven additional persons not originally defendants in this action, but nonetheless purportedly bound by the terms of the temporary restraining order supposedly as agents of the original defendants. Rueckert also sought an order vacating the results of the June 25 presidential election which he had lost to Moore. This latter motion was denied.

I held a hearing on the motions for contempt and thereafter, on July 13, 1977, a consent decree was entered into between Rueckert, Moore, Local 28, Manzo and Richard Pawloski, another Local 28 official. The pertinent sections of the decree terminated all proceedings instituted against Local 28, Moore and Manzo, leaving only the International and Nixon as defendants. The parties to the decree were required to dismiss all internal charges filed against Rueckert and to refrain from reasserting such charges or similar charges in the future. Defendant Moore was also required to reimburse Rueckert in the amount of $14,000 for costs and attorneys' fees incurred by him. The eleven additional defendants in contempt, although not signatories to the decree, were present at its signing and deemed bound by the order. All the parties to the decree, including the eleven additional defendants in contempt, agreed to issue to each other general releases from all charges other than those specifically excepted.

On August 17, 1977, Rueckert filed an amended verified complaint, naming as the only defendants the International and James Nixon. He again seeks to redress violations of the Labor Management Report and Disclosure Act by obtaining monetary and injunctive relief, including a permanent injunction enjoining defendants from processing the current internal charges filed against him by the International.

Rueckert has now brought on an order to show cause to hold in contempt Local 28, union member Steven Moxie and Samuel Elnick,[3] allegedly an official of both the Local and the International, for violating the consent decree of July 13th. Both Moxie and Elnick were named among the additional defendants in contempt and were present at the signing of the decree. He also seeks a contempt citation against Moore and Local 28 for holding a lottery to

2. Jurisdiction is founded upon 29 U.S.C. § 412, which reads in part:

Any person whose rights secured by the provision of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.

3. Rueckert asserts that Elnick serves in a dual capacity, both as an official of the Local and the International. (Affidavit of Harry J. Rueckert, August 18, 1977, at ¶ 12). Rueckert apparently seeks to hold Elnick as a party to the Consent decree in his "Local" capacity.

reimburse Moore for his costs. Finally, Rueckert seeks to preliminarily enjoin Elnick and the International from taking any action on disciplinary charges preferred against him on August 7, 1977.

At a hearing before me on September 16, 1977, defendants represented that although certain charges had been filed against Rueckert, they had not been processed at the local level and were deemed automatically dismissed, in accordance with the consent decree. Several of the contempt motions were thereafter disposed of, however, two open questions remain.

### I.

■ Rueckert has moved to preliminarily enjoin the International from taking any disciplinary action against him pending determination of the merits underlying this proceeding. In order to succeed on this motion he must first meet the well-established standards for a preliminary injunction. A preliminary injunction will not issue absent a threshold showing of a threat of irreparable harm, *Triebwasser & Katz v. American Tel. & Tel. Co.*, 535 F.2d 1356, 1359 (2d Cir. 1976). Once this requirement has been met the movant must show either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, together with a balance of hardships tipping decidedly in favor of the party seeking relief, *Jacobson & Co., Inc. v. Armstrong Cork Co.*, 548 F.2d 438 (2d Cir. 1977). Since Rueckert has failed to show irreparable harm, it is unnecessary to consider whether he has met either of the alternatives which comprise the second tier of the two-tiered preliminary injunction test.

■ Rueckert's sole allegation of irreparable injury is his conclusory statement in paragraphs 16 and 17 of his August 18, 1977 affidavit, that processing the August 7 charges will cause "irreparable damage to [his] good name and reputation and require [him] to expend monies in his defense . . . ." Rueckert offered no further evidence of irreparable harm at the hearing before me and I find his affidavit an insufficient basis upon which to issue a preliminary injunction. When Rueckert began this action, there was an election pending. Rueckert sought to enjoin the dissemination of charges against him pending its outcome. The election has long since passed and with it the exigent circumstances which required interim relief. There has been no showing that Rueckert will not have a full and fair opportunity to present his defense at the International disciplinary proceedings and I see no reason why I should now enjoin them. Moreover, while I recognize that by denying his relief for a preliminary injunction I am, in effect, foreclosing a portion of the ultimate relief sought, Rueckert has produced no evidence that he will not be adequately compensated by an award of money damages should he ultimately prevail on the merits.[4]

### II.

■ Rueckert also seeks a contempt adjudication against defendants Moore and Local 28 because of their alleged sponsorship of, and participation in, the conduct of a lottery designed to reimburse Moore for the $14,000 he had paid pursuant to the consent order. Rueckert asserts that the lottery is inherently coercive in that defendants' sponsorship will cause union members

4. It may be that Rueckert is seeking, by a preliminary injunction, to remedy the purported contempt stemming from the Consent decree. However, this tack must also fail. Rueckert did not initially seek to hold the International in contempt because it was not a party to the Consent decree. Similarly, Rueckert cannot now seek to enjoin the International from violating a decree to which it was not a party. Nor has Rueckert shown that Local 28

and the International are so linked as to make the actions of the Local those of the International. *See generally, Baldwin v. Poughkeepsie Newspapers, Inc.*, 410 F.Supp. 648, 650 (S.D.N.Y.1976) citing *Walters v. Roadway Express, Inc.*, 400 F.Supp. 6, 16 (S.D.Miss.1975). Without such a showing Rueckert cannot establish the violation of any rights arising from the decree which might require the issuance of an injunction.

to involuntarily purchase tickets out of fear of reprisal by their superiors. (*Plaintiff's Memorandum in Support of the Order to Show Cause* at 12). Participation in a lottery is allegedly violative of paragraph eight of the Consent decree, which requires Moore to pay the monies, and paragraph seven which obligates all the defendants to honor the rights of Union members. At the hearing on September 16, defendants' attorneys, by Edmund D'Elia, represented that the lottery was not, in fact, instituted by defendants Moore or Local 28, but rather by well-meaning individuals who wished to aid in Moore's defense. Moreover, according to Mr. D'Elia, the lottery has now been discontinued and all monies received are presently being refunded. Rueckert has not effectively disputed this assertion and, under the circumstances, it seems particularly inappropriate to issue a contempt citation. This is especially so in light of Rueckert's concession that voluntary contributions would not violate the spirit of the decree. (*Plaintiff's Memorandum in Support of the Order to Show Cause* at 12).

Accordingly, Rueckert's motions are denied in all respects.

IT IS SO ORDERED.