**PIERCE & STEVENS CHEMICAL CORP., Plaintiff,**

v.

**U. S. CONSUMER PRODUCT SAFETY COMMISSION, Defendant.**

Civ. No. 75–410.

United States District Court,
W. D. New York.

Oct. 26, 1977.

William L. Rieth, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., for plaintiff.

Roger P. Williams, Asst. U.S. Atty., Western District of New York, Buffalo, N.Y., Sandra Wien, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Pierce & Stevens Chemical Corp. ("P & S") seeks a preliminary injunction to prevent the United States Consumer Product Safety Commission ("the CPSC") from disclosing pursuant to an alleged Freedom of Information Act ("FOIA") request two establishment inspection reports prepared in 1969 and 1970 by personnel associated with the United States Food and Drug Administration ("the FDA") and a letter dated November 28, 1969 to P & S from Raymond L. Sweeney of the FDA's Buffalo District Office now in the possession of CPSC.[1] P & S asserts that such documents contain false, inaccurate and misleading statements as well as confidential and trade secret information, and that disclosure would irreparably harm P & S by defaming its good name and products. P & S contends that disclosure would violate section 6(b)(1) of the Consumer Product Safety Act ("the Act"), 15 U.S.C. § 2055(b)(1), and exemptions 3 and 4 of the FOIA, 5 U.S.C. § 552(b)(3) and (4), in that the CPSC failed to take reasonable steps to assure the accuracy, fairness and propriety of disclosing the documents, disclosure would be grossly unfair and prejudicial to P & S under the circumstances and would not effectuate the purposes of the Act, and the CPSC has not excised all the confidential and trade secret information entitled to nondisclosure.[2]

The CPSC opposes the motion for preliminary relief and has moved pursuant to Fed.R.Civ.P. rule 12(b)(1) and (6) to dismiss the complaint or, in the alternative, for summary judgment, alleging that the complaint fails to state a claim upon which relief can be granted and that this Court lacks subject matter jurisdiction.

■ The instant action arises under both the Consumer Product Safety Act, which was passed by Congress to regulate commerce, and the FOIA. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337. *Kaiser Aluminum v. U.S. Consumer Product Safety Com'n*, 414 F.Supp. 1047, 1059 (D.Del.1976); *GTE Sylvania, Inc. v. Consumer Product Safety Com'n*, 404 F.Supp. 352, 366 (D.Del.1975). In addition, the jurisdiction of this Court to entertain a suit seeking to enjoin the disclosure of documents pursuant to the FOIA can be premised upon 28 U.S.C. § 1331. *Westinghouse Elec. Corp. v. Schlesinger*, 542 F.2d 1190, 1209 (4th Cir. 1976), *aff'g*, 392 F.Supp. 1246 (E.D.Va.1974); *Kaiser Aluminum v. U.S. Consumer Product Safety Com'n, supra*, at 1053 (fn. 19). The allegations of irreparable harm in the instant complaint are sufficient to satisfy the required jurisdictional amount.

■ The CPSC does not enjoy the protection of sovereign immunity in actions seeking to enjoin the disclosure of documents pursuant to an alleged FOIA request or wherein it is alleged that disclosure by the CPSC would violate section 6(b)(1) of the Act. *Westinghouse Elec. Corp. v. Schlesinger, supra*, at 1214; *Kaiser Aluminum v. U.S. Consumer Product Safety Com'n, supra; GTE Sylvania, Inc. v. Consumer Product Safety Com'n, supra; Babcock & Wil-*

---

1. Certain functions of the FDA were transferred to the CPSC by 15 U.S.C. § 2079 after the documents in question were prepared.

2. Although P & S also asserts exemption from disclosure pursuant to 5 U.S.C. § 552(b)(5), I do not view the documents in question as constituting interagency or intra-agency memoranda or letters so as to fit within such exemption.

cox Co. v. Rumsfeld, 70 F.R.D. 595, 599–600 (N.D.Ohio 1976); Hughes Aircraft Company v. Schlesinger, 384 F.Supp. 292, 294 (C.D. Cal.1974).

Whether to grant preliminary relief falls decisionally within the discretion of the court. Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). The issuance of a preliminary injunction, inherently an award of extraordinary relief, places a heavy burden upon the party seeking it to show clearly possibly irreparable injury and either probable success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. State of New York v. Nuclear Reg. Com'n, 550 F.2d 745, 750 (2d Cir. 1977); Triebwasser & Katz v. American Tel. & Tel. Co., 535 F.2d 1356, 1359 (2d Cir. 1976); Sonesta Int'l Hotels Corp. v. Wellington Associates, 483 F.2d 247, 250 (2d Cir. 1973). Having considered the complaint, affidavits and memoranda of law in support of preliminary relief, the affidavits and memoranda of law in opposition thereto and oral arguments of counsel for both plaintiff and defendant, and applying the test for preliminary relief set forth above, and upon due deliberation, I find that plaintiff has satisfied its burden and that a preliminary injunction should issue restraining the disclosure of the documents in question pending a final resolution on the merits. See, Westinghouse Elec. Corp. v. Schlesinger, supra; GTE Sylvania, Inc. v. Consumer Product Safety Com'n, supra; but, see, Kaiser Aluminum v. U.S. Consumer Product Safety Com'n, supra.

P & S's allegations of irreparable harm are that disclosure of the documents allegedly containing inaccurate and misleading information[3] and confidential and trade secrets would result in defamation of its corporate good will and would subject it to unfounded litigation. The latter claim of irreparable harm is clearly insufficient. The costs and expenses associated with litigation are not irreparable but can be compensated in damages. However, the defamation of P & S's good name and its products which would result from disclosure of allegedly highly inaccurate reports and the likely denigrating effects and economic repercussions to P & S in the market place from such inaccurate disclosure and the damage to P & S's competitive position which would result from the disclosure of confidential and trade secret information would be irreparable.

With the possibility of irreparable harm established, an examination into P & S's probability of success on the merits is in order. The CPSC argues that section 6(b)(1) of the Act is not applicable to the instant case because the information was not obtained in the first instance by the CPSC but, as noted previously, was originally gathered by the FDA. I find the transfer of these documents to CPSC from the FDA pursuant to section 30(e)(1)(A) of the Act, 15 U.S.C. § 2079(e)(1)(A), to be sufficient to bring such documents within the ambit of section 6(b)(1) and to require the CPSC to undertake the mandated responsibilities set forth therein with respect to such documents prior to their disclosure. The CPSC next contends that section 6(b)(1) applies only to its "affirmative" disclosures of information, such as press releases, press conferences, speeches and publications, but not to disclosures made pursuant to FOIA requests. Such contention is not persuasive. I find no such dichotomy in the statute or its legislative history. On the contrary, the duties placed on the CPSC by section 6(b)(1) apply to all disclosures of information except those specifically excepted therein.[4]

The CPSC submits that this Court should accord great deference to its decision of

---

**3.** The CPSC has conceded that portions of the reports may be inaccurate and has offered to include a statement by P & S asserting its viewpoint along with the documents disclosed by the CPSC. I am not convinced that inclusion of such statement with the disclosure of the documents would dispel the possibility of irreparable harm.

**4.** Such exceptions are not pertinent to the case at hand.

October 6, 1975 interpreting section 6(b)(1) as applying only to affirmative disclosures and not to those made pursuant to FOIA requests. Also, the CPSC strenuously points out that a heavy burden would be placed on its personnel were section 6(b)(1) to be held to apply to FOIA requests. I find the CPSC's interpretation of the applicability of section 6(b)(1) to be repugnant to the will of Congress and directly at odds with 5 U.S.C. § 552(b)(3) which requires a governmental agency to consider upon receiving an FOIA request, in addition to the exemptions set forth specifically in the FOIA, whether any other statute exempts the requested material from disclosure. Section 552(b)(3) of Title 5 provides that the FOIA does not apply to matters that are

> "(3) specifically exempted from disclosure by statute * * * provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) *establishes particular criteria for withholding* or refers to particular types of matters to be withheld; * *." (Emphasis added.)

This direct reference to other statutes which establish particular criteria for withholding disclosure of information precludes the CPSC from deciding that the requirements of section 6(b)(1) do not apply to FOIA requests. The decision in *Westinghouse Elec. Corp. v. Schlesinger, supra,* supports this conclusion. Therein, the United States Court of Appeals for the Fourth Circuit, at 1198–1199, interpreted the relationship between the FOIA and other statutes exempting disclosure as follows:

> " * * * The fact that a contrary statute will prevent the exercise of any discretionary authority in the agency to release exempt information follows because it is settled that the FOIA does not repeal directly or by implication any other statutes which may limit or restrict the disclosure of information by public officials, and those other statutes remain in full force and effect despite the enactment of the FOIA. Thus if there is some other statute or regulation which prohibits the disclosure of the exempt information,

there is no agency discretion and 'the [government] agencies have no alternative but to follow the legislative mandate' or agency regulation and to deny disclosure. This follows because, whenever disclosure of the information in question would be violative of some other federal statute, both its exempt-character under the FOIA and its nondisclosability are thereby established. This conclusion results from the Act's own exemption of all matters that are 'specifically exempted from disclosure by statute,' and from the holding in *FAA Administrator v. Robertson, supra,* 422 U.S. at 265, 95 S.Ct. 2140, discussed later, that the FOIA does not repeal or modify any other statute which may restrict disclosure."

■ In *FAA Administrator v. Robertson,* 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975), the court held that 5 U.S.C. § 552(b)(3) exempted the disclosure of certain documents because section 1104 of the Federal Aviation Act, 49 U.S.C. § 1504, permitted the FAA Administrator to withhold disclosure of information in a report when in his judgment it would adversely affect the objecting party's interest and is not required to be disclosed in the public's interest. This case establishes, contrary to the CPSC's contentions, that where other statutes condition disclosure on certain criteria a governmental agency is not free to disregard and ignore such a Congressional mandate in responding to FOIA requests. The court in *GTE Sylvania, Inc. v. Consumer Product Safety Com'n, supra,* at 369–370, relying on *FAA Administrator v. Robertson, supra,* quickly disposed of the CPSC's contention that section 6(b)(1) of the Act does not apply to FOIA requests:

> "At the outset, the Court is confronted by the Commission's oblique suggestion that § 2055(b)(1) may never apply where the information has been requested under the Freedom of Information Act, 5 U.S.C. § 552. However, separate statutes regulating disclosure decisions of administrative agencies do have a significant and independent role. *FAA v. Robertson,* 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975).
>
> *    *    *    *    *    *

"To argue that § 2055(b)(1) becomes irrelevant during the pendency of a FOIA demand is to ignore a clear Congressional concern both for the accuracy of the information disseminated and for the damage that an identified manufacturer might suffer. Congress was aware that FOIA requests for information gathered by the Commission would be forthcoming but nevertheless imposed affirmative obligations on the Commission which cannot flippantly be avoided."

Thus, I conclude that section 6(b)(1) is a statute setting forth particular criteria for withholding information and applies pursuant to 5 U.S.C. § 552(b)(3) to FOIA requests submitted to the CPSC.

■ The CPSC argues that, even if section 6(b)(1) applies to FOIA requests, it has complied with the procedural requirements set forth therein by permitting P & S to object to the disclosure of the documents and that, once this has been done, disclosure is proper. I do not agree. Mere procedural compliance by giving P & S the opportunity to file its objections does not satisfy the CPSC's obligations under that section. The CPSC is mandated by Congress to assure the accuracy of the information being disclosed, the fairness of the disclosure under the circumstances and to determine whether disclosure effectuates the Act's purposes. The CPSC does not seriously contend that it has performed these substantive functions with respect to the documents at issue. Thus, P & S has met its burden to show a probability of success on the merits.

■ Without doubt, there are sufficiently serious questions going to the merits to make them a fair ground for litigation. In balancing the hardships, I find that the disclosure of allegedly false and misleading information and trade secrets would harm P & S to a decidedly greater extent than the results to the CPSC of nondisclosure. P & S's economic viability and competitive position would be endangered. On the other side of the scales, it is significant that the CPSC is not proposing to disclose the information to the public in general, but only to one individual who is only concerned with one of P & S's products. The public interest in disclosure is minimal as no public dissemination of information is involved. The proposed disclosure by the CPSC is not aimed at benefitting the consuming public and thus the results of enjoining such disclosure *pendente lite* do not outweigh the harm to P & S of immediate disclosure. Therefore, the scales tip decidedly in P & S's favor.

It is therefore hereby

ORDERED that CPSC's motion to dismiss or in the alternative for summary judgment is denied; and it is further

ORDERED that P & S's motion for a preliminary injunction is granted and the CPSC is enjoined from disclosing the three documents herein at issue.