SELCHOW & RIGHTER COMPANY,
Plaintiff-Appellee,

v.

McGRAW–HILL BOOK COMPANY,
Defendant-Appellant.

No. 881, Docket 77–7569.

United States Court of Appeals,
Second Circuit.

Argued April 17, 1978.

Decided June 19, 1978.

William F. Dudine, Jr., New York City (Darby & Darby, New York City, David R. Francescani and William E. Pelton, New York City, of counsel), for appellant.

Walter D. Ames, Washington, D.C. (Watson, Cole, Grindle & Watson, Washington, D.C.); Henry B. Roth, New York City (Herzfeld & Rubin, New York City), on the brief, for appellee.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON,* Circuit Judges.

* The Honorable Robert P. Anderson died on May 2, 1978 before this case could be decided. Pursuant to § 0.14 of the Rules of this court, this appeal is being determined by Judges Kaufman and Smith, who are in agreement.

**J. JOSEPH SMITH, Circuit Judge:**

This is an appeal from an interlocutory judgment by the United States District Court for the Southern District of New York, Kevin Thomas Duffy, *Judge,* granting a preliminary injunction restraining defendant from distributing a book on the ground of threatened trademark infringement. We find no error and affirm the judgment.

Selchow & Righter Company ("S&R") manufactures word games, including games sold under the trademark "SCRABBLE." This trademark is registered with the United States Patent Office, for a variety of uses, including games, scoring devices, score pads and accessories, and with the State of New York, in connection with equipment and accessories for playing games. "SCRABBLE" is also registered with the State of New York as a service mark to be employed in the formation of clubs and tournaments. Currently, S&R spends about $750,000 annually in advertising and promoting games marketed under the trademark "SCRABBLE."

Several copyrighted books have been published by or with the permission of S&R that contain "SCRABBLE" in their titles, *e. g.,* THE SCRABBLE ® PLAYERS HANDBOOK and THE OFFICIAL SCRABBLE ® PLAYERS HANDBOOK. In June, 1975 McGraw-Hill Book Company ("McGraw-Hill") was approached with a proposal to publish a book to serve as a reference guide for players of "SCRABBLE," a game manufactured and sold by S&R. McGraw-Hill's house counsel advised that McGraw-Hill could lawfully use the word "SCRABBLE" in the title of this publication. McGraw-Hill printed and prepared for distribution on October 24, 1977, 10,000 copies of this work. The dust jacket, half title and spine of this publication bear the words THE COMPLETE SCRABBLE DICTIONARY.

Its preface refers to the book as "The Complete Scrabble Dictionary" but the legend "The Complete SCRABBLE DICTIONARY" appears on the title page.

In April, 1977 S&R contracted with G. & C. Merriam Company ("Merriam") to publish a book "so that there would be a single source, *i. e.,* a definitive dictionary for players of SCRABBLE crossword games." By the fall of 1977 this work had been tentatively entitled THE OFFICIAL SCRABBLE ® PLAYERS DICTIONARY; the typescript for it had been completed, and publication had been slated for the fall of 1978.

About September 7, 1977 S&R learned that McGraw-Hill had advertised its book for fall 1977 release. S&R promptly informed McGraw-Hill that distribution of the McGraw-Hill publication would infringe S&R's trademark rights. McGraw-Hill evidenced no willingness to halt distribution.

On September 12, 1977 S&R commenced this action. S&R alleged, inter alia, trademark infringement under 15 U.S.C. § 1114 in that use of "SCRABBLE" by McGraw-Hill "will inevitably cause confusion and erroneously lead purchasers to believe that defendant's book is either marketed or sponsored by plaintiff, S&R, or marketed with the consent and authority of plaintiff, S&R." S&R filed a show cause order to enjoin McGraw-Hill from releasing its book.

A hearing was held in the United States District Court before Judge Duffy. McGraw-Hill proposed to eliminate any possible harm to S&R's trademark by including as an insert in each copy sold a disclaimer which we set out in the margin.[1]

On October 21, 1977 Judge Duffy issued a memorandum and order granting a preliminary injunction. He stated that to prevail "S & R must first demonstrate that it will be irreparably injured by the alleged infringement. [Citation omitted.] Addition-

---

1. SCRABBLE ® is a registered trademark of Selchow & Righter, Bay Shore, New York for its equipment and accessories for playing word and sentence games. The term "Scrabble" as used herein means the game of Scrabble and is used without the permission of Selchow & Righter Company. This book does not emanate from and is neither sponsored nor authorized by Selchow & Righter Company.

ally, S & R must establish either a likelihood of success on the merits or serious questions going to the merits of the litigation coupled with a balance of hardships tipping decidedly in favor of the party seeking relief."

Judge Duffy found that S&R had "shown irreparable injury":

In support of its claim of irreparable injury, S & R asserts that if McGraw-Hill's book is published, S & R's corporate image will be damaged, the public will be confused and its trademark "Scrabble" will lose its distinctiveness and is likely to be rendered generic. At this juncture, S & R has only shown irreparable injury with regard to the latter claims.

Judge Duffy also found that S&R had shown that the balance of hardships tipped in its favor since the danger to S&R of losing its trademark clearly outweighed any monetary damages McGraw-Hill might suffer as a result of delayed sales or any damage it might suffer to its reputation and that S&R had established that there are substantial questions going to the merits to make them a fair ground for litigation by raising factual questions as to the likelihood of public confusion resulting from McGraw-Hill's use of S&R's trademark.

McGraw-Hill appealed and we assumed jurisdiction under 28 U.S.C. § 1292(a)(1).

The grant of a preliminary injunction lies within the sound discretion of the district court; its action will not be disturbed unless there is an abuse of that discretion, *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931–32, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), or a clear mistake of law, *Triebwasser & Katz v. American Tel. & Tel. Co.,* 535 F.2d 1356, 1358 (2d Cir. 1976).

*Sonesta International Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir. 1973), articulates the test for issuance of a preliminary injunction in this circuit:

a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

These tests apply where a preliminary injunction is sought as relief from alleged trademark infringement. See, *e. g., Charlie's Girls, Inc. v. Revlon,* 483 F.2d 953, 954 (2d Cir. 1973). Since *Triebwasser & Katz, supra,* 535 F.2d 1356, decisions of this court have insisted that under the second prong of the *Sonesta* test the moving party must make a showing of possible irreparable harm. *New York Association of Homes for the Aging v. Toia,* 559 F.2d 876, 880 (2d Cir. 1977); *State of New York v. Nuclear Regulatory Comm'n,* 550 F.2d 745, 750 (2d Cir. 1977); *Jacobson & Co. v. Armstrong Cork Co.,* 548 F.2d 438, 441 n. 3, 444–45 (2d Cir. 1977). See generally Mulligan, "Preliminary Injunction in the Second Circuit," 43 Brooklyn L.Rev. 831 (1977).

█ Judge Duffy rested his finding of possible irreparable injury at least in part upon a determination that publication of the McGraw-Hill book might render the "SCRABBLE" trademark generic. This appears a sufficient basis.

Federal trademark law, however, provides for the grant of rights to the trademark owner for an indefinite time period. Absent certain abuses by a trademark owner and assuming use in a trademark sense, the duration of a trademark depends on public recognition that the trademark identifies the user's goods and distinguishes them from the goods of others.

[*Application of Mogen David Wine Corp.,* 372 F.2d 539, 543, 54 Cust. & Pat.App. 1086 (1967) (Smith, *J.,* concurring).]

If recognition is lost, the term is rendered generic, trademark status is impaired, and the value of the trademark owner's rights is lost or diminished. *Hills Bros. Coffee, Inc. v. Hills Supermarkets, Inc.,* 428 F.2d 379, 381 (2d Cir. 1970); *King-Seeley Thermos Co. v. Aladdin Industries, Inc.,* 321 F.2d 577 (2d Cir. 1963); *Dupont Cellophane Co. v.*

*Waxed Products Co.*, 85 F.2d 75, 82 (2d Cir. 1936). Judge Duffy's determination that release of the McGraw-Hill book might render S&R's trademark generic is not clearly erroneous; even if it were, the likelihood of confusion of the public from infringement and the difficulty in proving loss of profits for this period would suffice. S&R has made a showing of possible irreparable injury.[2]

■ We also agree that S&R has shown that there are substantial questions going to the merits to make them a fair ground for litigation and that S&R has shown that the balance of hardships tips decidedly in its favor. While the English word "scrabble" may once have had currency in contexts distinct from the word game at issue in this case, its use as the name of a game is sufficiently fanciful to render it fit for employment as a mark. The extent to which it has come into general use to describe a game or games rather than their origin or source of supply is fairly open to proof. Threatened destruction or serious dilution of the mark may well be found substantially to outweigh any possible loss to defendant during the pendency of this litigation.

We affirm the district court's grant of a preliminary injunction; we express no opinion on the merits of S&R's claims.

Judgment affirmed.

---

**2.** Even if we were to find Judge Duffy's determination clearly erroneous, the record would sustain findings that Selchow & Righter might suffer irreparable injury from damage to its reputation or from unfair competition with its forthcoming publication. See *Hills Bros. Coffee, Inc. v. Hills Supermarkets, Inc.,* 428 F.2d 379, 381 (2d Cir. 1970); *Triangle Publications v. Rohrlich,* 167 F.2d 969, 972–73 (2d Cir. 1948); *Standard Brands v. Smidler,* 151 F.2d 34, 37 (2d Cir. 1945); *S. C. Johnson & Son v. Johnson,* 116 F.2d 427, 429 (2d Cir. 1940).