**38**

**AMTEC PETROLEUM CORPORATION,**
**Plaintiff,**

v.

**GENERAL OIL DISTRIBUTORS,**
**INC., Defendant.**

**No. 79 C 1682.**

United States District Court,
E. D. New York.

July 20, 1979.

Joachim, Flanzig & Weissman and William Beasley, Jr., Mineola, N. Y., for plaintiff.

Weisman, Celler, Spett, Modlin & Wertheimer, New York City, for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff moves for an order restraining defendant from violating Activation Order # 1 of the Stanby [sic] Petroleum Product Allocation Regulations of the Department of Energy ("DOE") of the United States of America and other regulations duly promulgated by said department.

In its "Verified" Complaint plaintiff alleges that plaintiff is a distributor of and defendant is engaged in the business of supplying gasoline and petroleum products; that plaintiff purchased such products from defendant during the months of December 1978 and January 1979 and thereafter during subsequent months requested defendant to supply such product but the latter refused to do so. Plaintiff then alleges that "based upon the Activation Order # 1 of the Standby Petroleum Product Allocation Regulations of the Department of Energy of the United States, as amended, plaintiff was entitled to receive from the defendant 66,117 gallons per month during the months of February, March, April and May, 1979, and 68,111 gallons during the month of June, 1979", and that the defendant "wilfully and wrongfully violated the aforesaid regulations . . . in that the defendant failed and refused to supply gasoline in the amount allocated to the plaintiff . . . That as a result of the foregoing, plaintiff has been damaged in the sum of $35,500.00 in loss of profit."

In its second cause of action, plaintiff repeats the allegations contained in its first cause of action and then alleges it "is being ·irreparably damaged" and requests that defendant be enjoined from violating the DOE regulations.

In its third cause of action, plaintiff also seeks a similar injunction and in the fourth cause of action it seeks punitive damages in the sum of $100,000.00.

In its opposing papers, defendant points out that during the past six months plain-

tiff has sought similar relief from the New York Regional Office of the DOE but has not received any order from the DOE requiring the defendant to sell it any gasoline.

Defendant says it stopped selling gasoline to the plaintiff "because a number of Amtec checks had been returned by General's bank for insufficient funds . . . [and that it does] not wish to do business with a company of such poor credit standing and business ethics."

In its brief submitted in opposition to plaintiff's motion, defendant argues that (i) there is no basis for plaintiff's assertion that the DOE regulations afford it a right to buy gasoline from defendant; (ii) that the determination of plaintiff's claim under the DOE regulations is best deferred to the DOE, the agency which has promulgated the regulations in the first place, which has an expertise in the problems of petroleum product allocation regulation and to which plaintiff already has presented its claims (*Orange and Rockland Utilities, Inc. v. Howard Oil Co., Inc.*, 416 F.Supp. 460 (S.D. N.Y.1976)); and (iii) plaintiff has not demonstrated its entitlement to a preliminary injunction under the recently revised tests set forth by the Second Circuit in *Caulfield v. The Board of Education*, 583 F.2d 605, 610 (2d Cir. 1978).

Since this Court agrees with the last two arguments of the defendant, it is not necessary to pass at this time on the question of whether the DOE regulations afford the plaintiff a right to buy gasoline from the defendant.

In *Caulfield v. The Board of Education*, 583 F.2d 605 (2d Cir. 1978), the Court of Appeals for this Circuit restated the standards for granting a preliminary injunction as follows (583 F.2d at 610):

"This court has recently clarified the standard for issuance of a preliminary injunction: there must be a showing of possible irreparable injury *and* either (1) probable success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tip-

ping decidedly toward the party requesting the preliminary relief. *Selchow & Righter Co. v. McGraw-Hill Book Co.*, No. 77–7569, slip op. at 3533, 3537, 580 F.2d 25 at 27 (2d Cir. 1978); *Triebwasser & Katz v. American Telephone & Telegraph Co.*, 535 F.2d 1356, 1358 (2d Cir. 1976); see Mulligan, *Foreword—Preliminary Injunction in the Second Circuit*, 43 Brooklyn L.Rev. 831, 832–33 (1977)." (Emphasis the court's.)

On its face, plaintiff's "Verified" Complaint shows quite clearly that compensatory money damages of $35,500.00 for loss of profits and $100,000.00 for punitive damages will compensate the plaintiff for its losses. Presumably any additional future losses may be similarly compensated if plaintiff's claims are sustained. Apart from such allegations (which hurt rather than help the plaintiff's position) and the mere assertion that it will sustain "irreparable injury" plaintiff has made no showing of any such irreparable injury. Moreover, plaintiff has, in this Court's view, also not shown any basis for a claim of "probable success on the merits" or of "sufficiently serious questions going to the merits to make them a fair ground for litigation" and any hardships tipping decidedly toward it.

As indicated, defendant's second argument is that this Court should defer plaintiff's claims under the DOE regulations to said Department which has an expertise therein. For the reasons set forth in the analogous situation presented in *Orange and Rockland Utilities, Inc. v. Howard Oil Co., Inc., supra*, we agree.

Accordingly, plaintiff's motion for a preliminary injunction must be, and the same hereby is, denied, and on defendant's cross motion made on the return date of plaintiff's motion, this Court will stay the trial of this action until the DOE has had a chance to rule on the interpretation of its regulations with respect to the issues raised herein.

SO ORDERED.