**FRISCH'S RESTAURANTS, INC., Plaintiff,**

v.

**ELBY'S BIG BOY OF STEUBENVILLE, INC., et al., Defendants.**

No. C–2–78–1316.

United States District Court, S. D. Ohio, E. D.

Jan. 20, 1981.

---

Gary D. Greenwald, Carl Genberg, Columbus, Ohio, for plaintiff.

Keith A. Sommer, Martins Ferry, Ohio, Arthur M. Recht, Wheeling, W. Va., Thomas J. Collin, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on plaintiff's motion for preliminary injunction pursuant to Fed.R.Civ.P. 65. This is a trademark infringement action brought under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law principles of unfair competition, and Ohio's Deceptive Trade Practices Act. For the reasons stated below, the plaintiff's request for preliminary injunctive relief is granted in part. In accordance with the requirements of Rule 65(d), the Court makes the following findings.

### I. *Findings of Fact*

1. Plaintiff, Frisch's Restaurants, Inc. (Frisch's), is an Ohio corporation engaged in the business of preparing and processing food products in Ohio and other states. Plaintiff owns and franchises family restaurants in the state of Ohio, many of which engage in business under the "Big Boy" trademark and service mark.

2. Defendant The Boury Corporation, Inc. is the parent corporation for all of the company-owned Elby's Family Restaurants located in Ohio and West Virginia. Defendant Elby's, Inc. is a wholly-owned subsidiary of The Boury Corporation, Inc. Defendant George Boury is the president of The Boury Corporation, Inc. Defendant Ellis Boury is an officer, director, and shareholder of The Boury Corporation, Inc., and is responsible for supervision of the advertising and promotional campaigns of the Elby's Family Restaurants located in Ohio and West Virginia. Defendant David Carr is an employee of Elby's, Inc., and is the person primarily responsible for the creation and placement of advertisements on behalf of Elby's Family Restaurants in Ohio and West Virginia.

3. Marriott Corporation is the holder of the registration for the federally-registered trademark "Big Boy" bearing Registration No. 574,742 on the Principal Register of the United States Patent Office. This registration is in full force and effect.

4. On October 25, 1953, plaintiff was granted by the predecessor in interest of Marriott Corporation a license to use in Ohio the "Big Boy" trademark in connection with a double-decker hamburger and the restaurant where the hamburger is sold.

5. Defendant The Boury Corporation holds the exclusive right to use the Big Boy trademark in the panhandle of West Virginia, including the Wheeling area, and in Pennsylvania except in the Philadelphia and Pittsburgh areas. Defendants have an obligation under these various license agreements to promote and advertise the "Big Boy" mark.

6. The Marriott Corporation is currently the common licensor of plaintiff and defendants. Plaintiff now operates approximately 80 restaurants in Ohio under the "Big Boy" mark. Defendants now operate 7 restaurants in northern West Virginia and 5 restaurants in western Pennsylvania under the "Big Boy" mark.

7. Prior to 1971, Elby's Family Restaurant of Steubenville, Inc. was authorized, pursuant to a franchise agreement with plaintiff, to use the "Big Boy" mark in connection with the Elby's Family Restaurants in eastern Ohio. In late 1971, Elby's and a related corporation terminated the agreements pursuant to which the "Big Boy" mark was used in eastern Ohio.

8. Shortly thereafter, in early 1972, plaintiffs initiated an action in West Virginia state court alleging, among other things, that Elby's Family Restaurants of Steubenville, Inc. and the related corporation were violating provisions of the prior franchise agreements relating to cessation of trademark and tradename use after termination of the agreements. In response to a request from plaintiff in connection with the pending state court litigation, the West Virginia Supreme Court of Appeals, in July 1973, entered a preliminary injunction, which continues in effect, enjoining defendants Park Corporation of Ohio and Elby's Family Restaurant of Steubenville, Inc. from using the "Big Boy" trademark in connection with their restaurants in Ohio.

9. Defendants currently operate restaurants under the name "Elby's Family Restaurants" in the Ohio cities of Steubenville, Marietta, Dover, Cambridge, and St. Clairsville (hereafter Ohio Elby's). As noted earlier, the Ohio Elby's authority to use the "Big Boy" mark was terminated in 1971.

10. Defendant Elby's Commissary, Inc. was and is the corporation responsible for the creation and placement of television, radio and newspaper advertisements on behalf of Elby's Family Restaurants located in West Virginia and Ohio. Defendant Ellis Boury is an officer, director and shareholder of The Boury Corporation, Inc. and is directly responsible for the supervision of the advertising and promotional campaigns on behalf of Elby's Family Restaurants located in West Virginia *and Ohio.*

11. The Elby's Family Restaurants located in the cities of Steubenville, St. Clairsville, Bridgeport, Marietta, Cambridge and Dover, Ohio, have erected billboards on their restaurant properties directing the general public to watch for Elby's advertisements on Wheeling, West Virginia, television station WTRF whose signal is broadcast from Bridgeport, Ohio, and is widely received by television sets throughout the eastern portion of the state of Ohio.

12. In addition to these billboards, the above-named Elby's Family Restaurants have placed in their respective restaurants in-store promotional pieces, including matchbooks and sugar packets, which advertise WTRF.

13. Defendant Elby's Commissary, Inc. creates and places on behalf of Elby's Family Restaurants, a large number of television advertisements on WTRF, most of which either contain a pictorial representation of the "Big Boy" figure, advertise "Big Boy" food items and/or contain jingles which strongly identify "Elby's Family Restaurants" with the "Big Boy" trademark and service mark.

14. Defendant Elby's Commissary, Inc. creates and places advertisements in newspapers published in West Virginia and having circulation in both West Virginia and eastern Ohio. These advertisements adver-

tise food items available at Elby's Family Restaurants with the aid of the "Big Boy" trademark and service mark.

15. None of the television or newspaper advertisements placed on behalf of Elby's Family Restaurants and received by persons living in the eastern portion of the state of Ohio advises the public that the Elby's Family Restaurants located in Ohio are not affiliated with the "Big Boy" trademark and service mark and that "Big Boy" food items are unavailable at those restaurants.

16. In addition to the advertising described above, the Ohio Elby's also employ a variety of advertising media which originate in Ohio. None of these Ohio advertisements use the "Big Boy" mark. Moreover, when defendants have advertised a specific Ohio Elby's location in a West Virginia medium, no reference to the "Big Boy" mark has been included. Tr. 115–16.

17. The advertisements placed on WTRF on behalf of Elby's Family Restaurants coupled with the WTRF promotional material located in Ohio Elby's are likely to confuse and indeed have confused persons residing in the eastern portion of Ohio, near the West Virginia panhandle, into believing that the Elby's Family Restaurants located in Ohio are affiliated with the "Big Boy" trademark and service mark and that "Big Boy" food items are available at such restaurants.

18. Plaintiff's claim of likelihood of confusion was supported by the testimony of Dr. Lee B. Becker, a qualified expert in the field of scientific survey analysis. Becker supervised a survey carried out in July of 1979 which was designed to measure whether residents of eastern Ohio are confused concerning the availability of Big Boy products in Ohio. The Court finds the survey and testimony of Dr. Becker to be worthy of significant weight.

19. The Court finds that residents of eastern Ohio are in fact confused about the availability of the Big Boy products in Ohio. As Dr. Becker wrote: "Many think this product can be purchased at Elby's Family Restaurants operated in Ohio." Plaintiff's Ex. 2, p. 1.

20. Dr. Becker found that the confusion concerning the Big Boy products was "associated with" the following factors:

(a) proximity of the particular Ohio community to West Virginia where consumers can purchase a Big Boy at Elby's;

(b) length of residence in the respective community; i. e., residents for a period greater than eight years are more likely to be confused;

(c) frequent travel to West Virginia; and

(d) viewing of Elby's advertisements on WTRF.

21. The first three factors causing confusion are not attributable to defendants; but are instead a result of the fairly unique geography of this tri-state area. The confusion associated with WTRF advertising is, however, attributable to defendants.

22. Although the Court claims no expertise in the field of consumer survey research, the Court's own viewing of the WTRF advertisements confirms the view that the confusion in eastern Ohio communities is in part attributable to the WTRF–TV advertising which reaches the homes of 96.3% of the sample surveyed by Dr. Becker.

23. Plaintiff currently has no restaurants in the coverage area of defendant's WTRF–TV advertising. However, plaintiff has previously sub-licensed the "Big Boy" trademark in this area and may well attempt to do so in the future.

24. The crucial facts in this matter can be summarized as follows. Ohio Elby's restaurants previously paid plaintiff under a franchise agreement for the right to use the "Big Boy" mark in association with its Elby's restaurants in Ohio. Although the authority to use the trademark was terminated in 1971, the continued use of the mark resulted in a West Virginia court's issuance of a preliminary injunction prohibiting such further use. Thereafter, defendants continued to involve the Ohio Elby's restaurants in an advertising campaign on WTRF–TV associating all Elby's restaurants with the "Big Boy" trademark. Al-

though defendants have avoided use of the mark in Ohio, promotional material and billboards on Elby's property directed Ohio consumers to look for WTRF–TV weekly Elby's specials. These WTRF weekly specials, in turn, prominently associated *all* Elby's restaurants with the "Big Boy" trademark. The public's confusion concerning the availability of "Big Boy" products at Ohio Elby's is due in part to this advertising campaign.

### Discussion and Conclusions of Law

1. This action arises under trademark laws of the United States and Ohio's Deceptive Trade Practices Act and principles of common law unfair competition. Jurisdiction is based on 28 U.S.C. § 1338(a) and 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. § 1338(b).

2. Plaintiff's request for preliminary injunctive relief requires this Court to apply the familiar factors identified by the United States Court of Appeals for the Sixth Circuit in *Mason County Medical Association v. Knebel*, 563 F.2d 256 (6th Cir. 1977):

(a) Whether the plaintiff has shown a strong or substantial likelihood of success on the merits.

(b) Whether the plaintiff has shown irreparable injury.

(c) Whether the issuance of a preliminary injunction would cause substantial harm to others.

(d) Whether the public interest would be served by issuing a preliminary injunction.

563 F.2d at 261. The Court will now turn to an examination of these criteria.

### Substantial Likelihood of Success on the Merits

3. The threshold inquiry in this action for unfair competition is likelihood of confusion. 15 U.S.C. § 1125(a). *New West Corp. v. Nym Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979); *Quabaug Rubber Co. v. Fabiano Shoe Co., Inc.*, 567 F.2d 154, 160 (1st Cir. 1977). The First

Circuit in *Quabaug* suggested that the required showing under § 1125(a) is closely analogous, if not identical with, the likelihood of confusion standard applied in federal trademark infringement actions. "In determining whether likelihood of confusion exists, courts consider such factors as the type of trademark in issue, the similarity of the design, similarity of products, identity of retail outlets and purchasers, identity of advertising media utilized, defendant's intent, and actual confusion." *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366, 381 (7th Cir. 1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94; see also *Restatement of Torts* § 729.

4. As common licensees of the Marriott Corporation, for the use of the "Big Boy" mark it is not surprising to find that the mark advertised by defendants is identical to the mark advertised by the plaintiff. The similarities of products, retail outlets, usual purchasers, and general forms of advertising media are also apparent. This conclusion, in the somewhat unusual factual context presented by this case, is neither surprising nor particularly helpful. Neighboring licensees under a common mark will generally share such characteristics. Many of these characteristics will also be shared by family restaurant competitors even though not operating under a common trademark as is the case with Frisch's Big Boy and Elby's Family in Ohio.

5. Far more important to the unusual factual posture of this case are the conclusions to be drawn from the testimony of Dr. Becker relative to the issue of confusion. As the Court noted in its findings of fact, *supra*, eastern Ohio consumers are in fact confused concerning the availability of "Big Boy" products at Ohio Elby's restaurants. Of the four factors associated with the confusion, however, three are not attributable to any arguable wrongdoing on the part of the defendants. Instead, the confusion associated with travel, proximity to defendants' restaurants legitimately using the mark, and length of residence are attributable to either unique geography or, in the case of residence, the fact that residents for

a period in excess of eight years may not have "forgotten" the prior legitimate association of the mark with Ohio Elby's restaurants. The Court can discern no basis for imposing liability on the defendants for the confusion associated with these first three factors.

6. The WTRF advertising presents another matter. It is important to note at the outset that the Ohio Elby's restaurants are in fact direct participants in the reciprocal advertising agreement with WTRF. Deposition of Frank Curtis at 17. Thus, this is not a case of mere accidental benefit to the Ohio Elby's from the association of Elby's with the "Big Boy" mark. Moreover, the Ohio Elby's restaurants, pursuant to the terms of the reciprocal advertising agreement, actively encourage Ohio consumers to "watch for Elby's specials on WTRF," (Plaintiff's Ex. 26, 15, 5), where the television advertisement frequently identifies the Elby's Family Restaurant with the "Big Boy" mark. A variety of in-store promotional material including matchbooks and sacks also directs the Ohio consumer to WTRF. The Court concludes from these facts that the defendants intentionally[1] associate Ohio Elby's restaurants with the "Big Boy" mark.

While the Court would be reluctant to draw such an inference of intentional unauthorized association from a case of simple advertising "spill-over," the facts here do not present such a case. Because the preliminary injunction by a West Virginia state court has been in effect, the defendants have been well aware of a problem concerning unauthorized use of the "Big Boy" mark in Ohio. Nevertheless, the evidence establishes a continuing effort on the part of the defendants to foster the improper association with the "Big Boy" mark by the bill-board and promotional devices discussed above.

■ The Court concludes that plaintiff has established a likelihood of confusion resulting from the WTRF advertising and

therefore a substantial likelihood of success on the merits.

■ 7. The defendants argue, however, that plaintiff has shown no likelihood of confusion between the defendants' products and plaintiff's products; that is, between the products of Ohio Elby's and the products of the plaintiff's restaurants. The argument, however, misses the mark. Plaintiff sues for protection of the "Big Boy" trademark in Ohio, not the Frisch's name. *Cf. Union Carbide Corp. v. Ever-Ready, Inc.,* 531 F.2d 366, 387 (7th Cir. 1976) ("The test . . . is whether they associate the products either with Carbide *or* with the single, though anonymous, source which manufactures EVEREADY products.")

■ 8. Defendants also argue that Section 43(a) of the Lanham Act does not reach omissions and nondisclosures. *Universal City Studios, Inc. v. Sony Corp.,* 429 F.Supp. 407 (1977). Defendants' argument appears to confuse the relief sought by plaintiff with the acts forming the basis for liability. The Court finds that the Ohio Elby's affirmative participation in the WTRF reciprocal advertising campaign involves far more than simple nondisclosures and is accordingly within the purview of Section 43(a) of the Act. "The question is what is the likely ultimate *impression,* upon customers and potential customers of the relevant services and products which will be created by what is said and what is reasonably implied." *Dallas Cowboys Cheerleaders v. Pussycat Cinema,* 467 F.Supp. 366, 374 (S.D.N.Y.1979), *aff'd.,* 604 F.2d 200 (2d Cir. 1979). Standing alone, neither the Ohio Elby's WTRF billboards nor the advertisements on WTRF–TV say that Ohio Elby's are "Big Boy" restaurants. Functioning together, however, the billboards and TV advertisements create the likely impression in the consumer that "Big Boy" products are available at Ohio Elby's.

■ 9. Defendant also argues that plaintiff has shown no causal connection

---

**1.** Although intent to deceive is not a necessary element of a claim under Section 43(a), proof of intent weighs in favor of a conclusion of likeli-

hood of confusion. *Combe, Inc. v. Scholl, Inc.,* 453 F.Supp. 961 (S.D.N.Y.1978).

between defendants' conduct and damage to the plaintiff. In this argument, defendant mistakenly equates harm with proof of lost sales or actual competition. Under Section 43(a) of the Lanham Act, however, proof of actual competition is not required. *Tisch Hotels, Inc. v. Americana Inn, Inc.,* 350 F.2d 609, 613 (7th Cir. 1965). Moreover, the Sixth Circuit has held that the legal protection to be afforded the owner of a trademark extends throughout the entire state. *Socony-Vacuum Oil Co. v. Oil City Refiners,* 136 F.2d 470 (6th Cir. 1943), *cert. denied,* 320 U.S. 798, 64 S.Ct. 369, 88 L.Ed. 482; *Sheila's Shine Products, Inc. v. Sheila Shine, Inc.,* 486 F.2d 114, 127 (5th Cir. 1973); see also *Younker v. Nationwide Mutual Ins. Co.,* 175 Ohio St. 1, 191 N.E.2d 145 (Ohio 1963). Application of that rule where, as here, plaintiff has previously expanded its operations into eastern Ohio is particularly appropriate. See Finding of Fact # 7, *supra.*

■ 10. Plaintiff has also requested preliminary relief with respect to defendants' advertisements on radio and in newspapers. As noted earlier, these advertisements originate in West Virginia media and are either heard or read by some Ohio consumers. The Court concludes that the plaintiff has not established a sufficient likelihood of success on the merits to warrant preliminary relief with respect to the newspaper and radio advertisements. Plaintiff's proof relative to defendants' advertising in newspapers and on radio is not sufficient to establish a *causal connection* between the public's confusion and defendants' advertising in such media. No proof comparable to the Becker study has been presented for other media.

There is also some question whether Section 43(a) of the Lanham Act reaches omissions and nondisclosures. *Universal City Studios, Inc. v. Sony Corp.,* 429 F.Supp. 407 (1977). As noted above, plaintiff's proof with respect to WTRF–TV advertisements

established more than omissions and nondisclosures. Plaintiff established purposeful[2] fostering of confusion by defendants' affirmative acts in directing Ohio consumers to watch for weekly specials on WTRF–TV.[3] No comparable proof has been presented with respect to radio and newspaper advertisements. For that reason, the Court finds a substantial likelihood of success on the merits only with respect to defendants' WTRF TV advertisements. The Court will next consider the remaining factors identified in *Mason County, supra.*

### Irreparable Injury

11. The law is well-settled that likelihood of confusion will generally constitute irreparable harm. *Dallas Cowboys Cheerleaders, supra,* 604 F.2d at 207; *Hills Bros. Coffee, Inc. v. Hills Supermarkets, Inc.,* 428 F.2d 379, 381 (2d Cir. 1970); *Ideal Industries, Inc. v. Gardner Bender, Inc.,* 612 F.2d 1018, 1025 26 (7th Cir. 1979), *cert. denied,* 447 U.S. 924, 100 S.Ct. 3016, 65 L.Ed.2d 1116. The defendant, however, argues that plaintiff's own laches in seeking injunctive relief conclusively establishes that defendants' advertisements have *not* caused irreparable harm to the plaintiff.

■ The record does suggest considerable periods of delay in plaintiff's pursuit of the defendants' allegedly illegal acts. However, "[m]ere delay is insufficient; it must result in prejudice to the party asserting laches." *Standard Oil of Colorado v. Standard Oil Co.,* 72 F.2d 524, 527 (10th Cir. 1934). *See also Ideal Industries, Inc. v. Gardner Bender, Inc.,* 612 F.2d 1018, 1025 (7th Cir. 1979). Under these cases the Court must determine whether "the defendant ha[s] been lulled into a false sense of security or has acted in reliance on plaintiff's delay." 612 F.2d at 1025. In view of the fact that several of the defendants have been subject to a preliminary injunction prohibiting the use of the "Big Boy" trademark in connection with the Ohio Elby's

---

**2.** The Court recognizes that actual intent to deceive is not required to establish a claim under Section 43(a); affirmative acts, however, may be required.

**3.** See conclusion # 6, *supra.*

restaurants, the Court is unable to conclude that defendants have been lulled into a false sense of security. See also Plaintiff's Ex. 48. Moreover, the defendants have not offered evidence to establish the date upon which plaintiff first learned of the existence and terms of defendants' reciprocal advertising agreement with WTRF and the content of the WTRF advertisements. In the absence of such proof, the Court is unwilling to hold that defendants have met their burden of proof relative to the defense of laches. *Cuban Cigar Brands N.V. v. Upmann International, Inc.*, 457 F.Supp. 1090, 1096 (S.D.N.Y.1978). The Court therefore concludes that plaintiff's proof of likelihood of confusion is sufficient to satisfy the test of irreparable harm.

*Harm to Others and the Public Interest*

12. The final two factors identified in *Mason County, supra,* also weigh in favor of the issuance of a preliminary injunction. Plaintiff seeks an order requiring defendants to prominently disclose that Ohio Elby's are not associated with the "Big Boy" mark. While the Court does not believe that the disclosure in the advertisements on WTRF–TV will totally reverse the public's confusion concerning the availability of "Big Boy" products in Ohio Elby's restaurants, the Court is satisfied that accurate advertising will be a step in the right direction. One of the fundamental policies implicit in Section 43(a) of the Lanham Act is accurate advertisement. The public interest will be well served by taking this small step to reverse the consumer confusion caused in part by defendants' false advertising.

Finally, although the Court recognizes that including the limitation will "clutter-up" defendants' advertising on WTRF–TV, the Court believes that this minor inconvenience is outweighed by the greater harm that would result to plaintiff if defendants were allowed to continue to falsely associate the Ohio Elby's restaurants with the "Big Boy" mark. For all of the above reasons, the Court will grant preliminary injunctive relief pursuant to 15 U.S.C. § 1125(a).

13. Having determined that injunctive relief is appropriate under the unfair competition provisions of the Lanham Act, 15 U.S.C. § 1125(a), the Court expresses no view concerning the plaintiff's alternative theories of recovery under 15 U.S.C. § 1114, Ohio statutes, and common law.

ORDER

14. Accordingly, defendants are preliminarily enjoined from using the "Big Boy" trademark and service mark in their WTRF advertising without making a prominent disclosure that the Elby's Family Restaurants within the state of Ohio are not associated with the "Big Boy" restaurant organization. Alternatively, defendants may wish to eliminate *all* reference to the "Big Boy" mark on WTRF advertisements. (Tr. 158–59.) Defendants are further ORDERED to file with the Court and serve upon the plaintiff a report in writing under oath setting forth in detail the manner and form in which the defendants have complied with the injunction. Said report is due thirty (30) days after the issuance of this injunction. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff is required to post security. The amount of this security shall be Five Thousand Dollars ($5,000.00). The injunction shall take effect upon posting of the security.