John G. DAY, Plaintiff,

v.

The VIDEO CONNECTION OF SOLON, OHIO, et al., Defendants.

Civ. A. No. C82–179.

United States District Court, N.D. Ohio, E.D.

July 13, 1982.

J. Herman Yount, Jr., Regan J. Fay, Yount & Tarolli, Cleveland, Ohio, for plaintiff; David D. Murray, Wilson, Fraser, Barker & Clemens, Toledo, Ohio, of counsel.

D. Peter Hochberg, Jeffrey A. Wyand, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

KRUPANSKY, Circuit Judge, Sitting by Designation.

This is a proceeding for service and trademark infringement instituted under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, wherein plaintiff, John Day (Day), prays for injunctive, remunerative and equitable relief against the various defendants. The complaint further alleges violations of Ohio's Trade and Deceptive Trade Practices Acts, O.R.C.

§§ 1329.01 *et seq.* and 1329.54 *et seq.*, and O.R.C. § 4165.01 *et seq.* Day's complaint also presents common law causes of action for service mark and trademark infringement and common law unfair competition and unfair trade practices. Jurisdiction is predicated upon 15 U.S.C. § 1051 and 28 U.S.C. §§ 1331, 1338. The matter in controversy exceeds $10,000.

Plaintiff Day is the owner of a sole proprietorship doing business in Toledo, Ohio as "The Video Connection". Nine defendants have been named in this action. Defendant "The Video Connection of America, Inc." (TVC–America), is the franchisor of five named defendants and the employer of two individual defendants. The five franchisor defendants are "The Video Connection of Brookpark" (TVC-Brookpark), "The Video Connection of Stow" (TVC-Stow), "The Video Connection of Parma", (TVC-Parma) and "The Video Connection of Willowick" (TVC-Willowick). The employees of TVC-America named as defendants are Bert Tenzer (Tenzer) and John L. Barry (Barry). Both are officers of TVC-America and both are New York State residents. Also named as defendant is Peter Zeleniuch (Zeleniuch), of TVC-Parma.

Currently before the Court are the motions of Day to join additional defendants and for a preliminary injunction against use by the various defendants of the TVC trademark. All defendants have, through their shared counsel, moved the Court for leave to file a second amended joint answer. Defendants Tenzer and Barry have moved for dismissal of the action as against them.

### I.

The plaintiff seeks to join seven individuals and three business entities as defendants in this action. Plaintiff asserts such joinder is necessary to ensure the just adjudication of plaintiff's claims of service mark, trademark, and trade name infringement and unfair competition. Each individual sought to be joined is at least a part owner of a TVC retail store and each busi-

ness sought to be joined is a TVC retail outlet.

■ It appears from the pleadings that, in accordance with the provisions of Fed.R. Civ.P. 19(a), these proposed parties are subject to service of process and their joinder will not deprive this Court of jurisdiction. Plaintiff has properly averred that, absent joinder of these proposed party-defendants, complete relief cannot be accorded among those already parties. Accordingly, pursuant to Fed.R.Civ.P. 21, this Court hereby grants the motion by plaintiff for leave to amend the complaint and add Richard A. Sutton, Al Mysinek, Dennis Sheller, Mark Pannent, Michael Slywka, Charles Sanborn and Sandra Sanborn, and the three "The Video Connection" businesses identified by the subject motion, as defendants in this case.

## II.

The defendants, through their common counsel, have submitted to the Court a motion to file a second amended joint answer presenting additional affirmative defenses, but otherwise preserving the once amended complaint and counterclaim which has been previously filed as a matter of right. Fed.R.Civ.P. 15(a). Defendants assert that the additional defenses surfaced during the course of discovery and in researching the law and facts surrounding this controversy.

Rule 15(a) expressly states that leave to file an amended pleading shall be freely given when justice requires. Justice is properly served by giving a party the opportunity to assert a defense discovered in preparation for trial if the opposing party would not thereby be unduly prejudiced.

■ This action was commenced on January 29, 1982 and the answer and reply were filed in March. Plaintiff has not objected to the instant motion. The Court finds that granting defendant's motion to amend would not unduly inhibit plaintiff's preparation of his cause. Therefore in consideration of the foregoing, defendant's motion to amend the answer to include an additional two affirmative defenses to the action is granted.

## III.

Also before the Court is a motion to dismiss submitted by individual defendants Tenzer and Barry, in which it is asserted that this Court lacks personal jurisdiction over them.

In response, Day proceeds upon an "alter-ego" theory to preserve this Court's personal jurisdiction over Tenzer and Barry. The burden of establishing facts supportive of the alter-ego allegation rests with Day. The materials *sub judice* evidence that Day has not sustained the burden of providing the Court with sufficient reason to "pierce the corporate veil" and thereby properly subject Tenzer and Barry to the Court's jurisdictional reach. Day alleges the need for completion of discovery to establish the jurisdictional basis for the inclusion of Tenzer and Barry individually as defendants. Such request may properly be granted if reasonable and fair.

TVC-America, Tenzer, and Barry have common counsel. Tenzer and Barry have been served with notice of this action. It appearing to the Court that staying its ruling on defendant Tenzer and Barry's motion until the completion of discovery will not unduly burden Tenzer, Barry and TVC-America, resolution of the instant motion will be reserved pending the completion of discovery. The parties shall file additional briefs addressing this issue within ten days of termination of discovery in this case, which time period will be calculated according to Fed.R.Civ.P. 6.

## IV.

Plaintiff Day has petitioned this Court for a preliminary injunction halting defendant's use of the disputed marks until the litigation on this matter runs its course.

TVC-America is a national corporation involving over 100 retail franchisees who are provided with TVC operations materials. These materials include customized TVC display units, wallpaper, signs, cata-

logues, promotional items, and advertising materials. Each franchise represents an initial capital investment by its owners of approximately $50,000.

Day's business is also involved in national trade—through mail order sales resultant from advertisements in specialty magazines with nationwide circulation. Day has two retail outlets, both are in the Toledo area of northwest Ohio. The named defendant TVC franchisees are all northeast Ohio operations. Review of the numerous briefs filed to date indicates that TVC-America does not have any franchise in the Toledo area.

The Sixth Circuit Court has enunciated four standards which must be considered and "carefully balanced" in deciding to grant or withhold a preliminary injunction. *Mason County Medical Ass'n. v. Knebel,* 563 F.2d 256, 264 (6th Cir.1977). The factors set forth by the *Mason County* Court are:

1. Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
2. Whether the plaintiffs have shown irreparable injury;
3. Whether the issuance of a preliminary injunction would cause substantial harm to others;
4. Whether the public interest would be served by issuing a preliminary injunction.

563 F.2d at 261 (citing cases). *See also Mobil Corp. v. Marathon Oil Co.,* 669 F.2d 366, 368 (6th Cir.1981); *EEOC v. Anchor Hocking Corp.,* 666 F.2d 1037, 1040 (6th Cir.1981); *Shawnee Coal Co. v. Andrus,* 661 F.2d 1083, 1089 n. 5 (6th Cir.1981).

■ The availability of a preliminary injunction is in every case intimately bound to the particulars of the situation as it appears to the trial court. The four *Mason County* factors cannot be endowed with universally applicable weight. The determinate force accorded each element must proceed from the totality of the circumstances presented by the case under consideration. A preliminary injunction necessar-

ily issues prior to a final resolution of the dispute, its inherent threat to the rights of the litigants obligates the court to act with caution and restraint. Before granting a preliminary injunction a court must consider each *Mason County* test in light of the pertinent factual setting and conclude in favor of the movant on every point. Predication of the preliminary injunction upon a successful showing, within the confines of the case under review, on each factor in the analysis, secures a satisfactory basis for the proper balancing of the equities, law and facts of the case, which is necessary to the protection of the parties' legitimate claims, rights and property.

In addressing the first of the Mason County standards it is necessary to note that the movant is required to show more than a mere possibility of success—such a burden would render the test meaningless. Here the plaintiff Day must demonstrate a "strong probability of success on the merits." *Mason County Medical Ass'n. v. Knebel, supra,* 563 F.2d at 261 n. 4.

■ The issue of the "success on the merits" test has been joined by the parties as determined by whether Day has made a strong showing that the marks in question are confusingly similar. The burden of this proof is upon Day. Day may succeed in the requisite proof either by showing actual confusion in the marketplace or the likelihood of such confusion. *Jewel Companies v. Westhall Company,* 413 F.Supp. 994, 1000 (N.D.Ohio 1976), *aff'd.,* 575 F.2d 1176 (6th Cir.1978).

The courts have considered several factors in determining whether the likelihood of confusion exists. The mark disputed herein is "The Video Connection"; obviously both parties use exactly the same words, but confusion does not rest upon this similarity alone. Also to be considered are "such factors as the ... similarity of products, identity of retail outlets and purchasers, identity of advertising media utilized, defendant's intent, and actual confusion." *Union Carbide Corp. v. Ever-Ready, Inc.,* 531 F.2d 366, 381 (7th Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94

(1976) [quoted in *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 514 F.Supp. 704, 709 (S.D.Ohio 1981)]. Day has not placed before this Court any probative evidence dealing with the last two elements, intent and actual confusion, accordingly they will not impact on any analysis.

■ The products offered by plaintiff and defendant can be, as the latter points out, distinguished on narrow factors; however, it is at least arguable that they may be considered similar for the purposes of this discussion. The Court is amenable, therefore, to grant the similarity of products for the limited purposes of the instant motion. As noted above, both Day and TVC-America claim a nationwide market. TVC-America and its franchisees reach their market through retail outlets while Day's market is mail order; further, Day's mail-order business deals exclusively in "classic" type films whereas TVC-America's "national market" is more a generalized sale of video related items. Although Day is planning expansion, his general retail operation is limited to the Toledo area, where TVC-America does not currently have any franchises. There is, based on the materials *sub judice*, no identity of retail outlets and purchasers between the defendants and Day.

Day's advertising, excluding the local Toledo area, is limited to specialized publications. TVC-America and Day do not have substantial identity in the use of advertising media. Although both utilize the print media generally, they do not advertise in substantially similar publications. The exception is the newspaper advertising placed by the TVC franchises in their local markets and that of Day in the Toledo market. The markets are sufficiently distinct so as to remove the superficial identity of media.

In consideration of the foregoing, inasmuch as Day has failed to make a strong showing of the likelihood of confusion, the Court finds that the plaintiff has not sustained the burden imposed by the initial *Mason County* test—Day has not demonstrated a "strong probability of success on the merits."

■ Even assuming *arguendo* that Day could demonstrate probable success on the merits, the factual structure in this case evidences that substantial harm would be caused to the TVC franchises if the preliminary injunction were granted pending the outcome of the litigation. The totality of the circumstances before the Court in this case compels that great weight be placed upon the third of the four *Mason County* tests.

Each TVC-America franchise is designed around the TVC identification which pervades every franchise operation. Even limiting an injunction to the named Ohio franchisees would deleteriously affect these individually owned small businesses which represent an initial investment totaling over $400,000. The injunction Day seeks would necessitate a complete revamping of each of these franchise operations and threaten their viability.

Even if plaintiff's injury was as complete and irreparable as claimed—which is not here decided—it would not justify the severe threat to the continued existence of defendants' operations which a preliminary injunction would entail. A better result, absent severe alteration in the current situation, inheres with a denial of the preliminary injunction without prejudice to plaintiff's right to move the Court to enjoin specific acts by defendants pursuant to adjudication of the merits of the complaint.

To summarize the resolutions on the various motions presented to this Court as hereinbefore stated: Plaintiff's motion to amend the complaint, and defendant's motion to file an additional amended answer, are hereby granted. The ruling on the motion for dismissal, submitted by the individual defendants Terzer and Barry, is withheld pending the completion of discovery, and the submission of additional briefs, based upon matters revealed in discovery, on the motion. Finally, plaintiff's

motion for preliminary injunction is hereby denied.

IT IS SO ORDERED.