**Elliot ROTHPEARL, Plaintiff,**

v.

**SECOND AVENUE LUMBER CORP., et al., Defendants.**

**No. 98 Civ. 2350(LAK).**

United States District Court, S.D. New York.

June 8, 1998.

Edward K. Blodnick, roslyn Heights, NY, for plaintiff.

Roberta L. McManus, Shaw, Licitra, Esernio & Schwartz, P.C., Garden City, NY, for Second Avenue Lumber Corp., Howard Kahn and Gerald Kahn.

Thomas J. Cirone, Silver & Wilk, L.L.P., for Mitchell Silbowitz and Silbowitz, Garafola, Silbowitz & Schatz.

### MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff here seeks to restrain defendants from transferring or encumbering certain corporate stock and, except in the ordinary course of business, assets pending the outcome of this action, which seeks to set aside a nearly five year old sale of all of the stock of the corporation to certain of the defendants. Plaintiff's extraordinary delay in seeking this relief, the apparent lack of any colorable basis for the claim, and the lack of any material threat of immediate and irreparable injury require denial of the motion.

*Facts*

In 1993, plaintiff and his family owned all of the stock of Century Lumber Corporation ("Century"), which was in bankruptcy. On August 14, 1993, he entered into an agreement to sell the stock to defendant Second Avenue Lumber Corp. ("Second") for $187,500, $76,250 of which was to be paid into escrow upon execution of the agreement, $20,000 in four monthly installments of $5,000 each commencing on February 15, 1994, and the balance of $101,250 in 55 monthly installments of $1,840.90 and a final payment of fifty cents. The escrowed funds were to be applied to certain post petition debts of Century (Rothpearl Aff.Ex. A ¶ 5(a), Ex. D ¶ 11) with any balance presumably going to plaintiff. The agreement further provided that it was "subject to and conditioned upon the Bankruptcy Court ... issuing a written order, within eleven (11) calendar days from the date of execution hereof, which order approves in its entirety, this stock transfer agreement." (Rothpearl Aff. Ex. A ¶ 11(a)) The agreement provided also that it would be rendered "cancelled, null and

void" if the Bankruptcy Court failed to approve within the eleven day period and that the buyer would be entitled to return of all monies previously paid. (*Id.* ¶ 11(c))

The reason for the inclusion of this Bankruptcy Court approval condition is obscure. While the sale of assets of the bankrupt, Century, doubtless would have required Bankruptcy Court approval, plaintiff's sale of stock of the bankrupt certainly did not. In any case, the distinction rapidly was driven home upon the submission of a proposed order to the Bankruptcy Court. On August 16, 1993, Bankruptcy Judge Conrad endorsed the proposed order as follows: "Docket as unsigned 8/16/93. This sale of stock is not under our jurisdiction." (Kahn Aff. ¶ 10 & Ex. B)

By August 18, 1993, plaintiff, Second's principal, and the attorneys knew that Judge Conrad had declined to sign the order and that the transaction would not be approved. Nevertheless, the transaction closed on August 20, 1993. Plaintiff delivered the Century stock to Second, and the $76,250 was paid into escrow.

In May 1995, plaintiff sued Second and its principal, Howard Kahn, in New York Supreme Court, Westchester County. The complaint sought principally an accounting with respect to the $76,250 escrow fund (Rothpearl Aff.Ex. D ¶¶ 11–15), damages for alleged failure to make the four $5,000 monthly installment payments (*id.* ¶¶ 40–42), and cancellation of the stock transfer agreement on the ground of defendants' alleged "breach[ ] of the spirit and letter" thereof and alleged failure to perform (*id.* ¶¶ 56–58). The Westchester action eventually was dismissed in 1997 pursuant to N.Y. CPLR 3126, subd. 3, as a sanction for failure to comply with discovery orders. (Blotnick Reply Aff. Ex. B)

In February 1998, plaintiff wrote to the escrow agent and demanded the return of his Century shares on the ground that the Bankruptcy Court did not approve the stock transfer agreement within eleven days of August 14, 1993. He commenced this action on or about March 31, 1998, asserting substantially the same among other claims, following rejection of his demand. Shortly thereafter, he brought on this motion for a preliminary injunction barring the defendants from transferring or encumbering shares or, except in the ordinary course of business, assets of Century pending the determination of the action.

### Discussion

■ In order to obtain a preliminary injunction, the movant ordinarily is obliged to demonstrate "(a) irreparable harm and (b) either the likelihood of success on the merits or (c) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardship tipping decidedly toward the party requesting the preliminary relief." [1] A clear showing of a threat of irreparable harm is essential.[2] "Absent such a threat, there is no occasion to consider either the merits or the balance of hardships." [3] None of these requirements is satisfied here.

To begin with, plaintiff has shown no threat of irreparable injury. There is nothing in the papers to suggest that defendants are any more likely to transfer stock or material assets of Century during the pendency of this lawsuit than they were during the four and a half years between the sale of the Century stock and plaintiff's commencement of this action. Indeed, the delay in seeking this relief alone—which plaintiff has made no effort to explain or justify—undercuts any claim of irreparable injury so dramatically as to prelude injunctive relief, at least on facts as egregious as these.[4]

---

1. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979).

2. E.g., *Triebwasser v. American Tel. & Tel. Co.*, 535 F.2d 1356, 1359 (2d Cir.1976).

3. *Holford USA Ltd., Inc. v. Cherokee, Inc.*, 864 F.Supp. 364, 371 (S.D.N.Y.1994).

4. It is well established that delay in seeking injunctive relief undercuts any claim of irreparable injury. E.g., *Fabrication Enterprises, Inc. v. Hygenic Corp.*, 64 F.3d 53, 62 (2d Cir.1995); *Bear U.S.A., Inc. v. A.J. Sheepskin & Leather Outerwear, Inc.*, 909 F.Supp. 896, 909–910 (S.D.N.Y.1995). While it is not entirely clear that unjustified delay is alone sufficient to warrant denial of provisional relief if there is otherwise persuasive

Second, it would be unduly generous to describe plaintiff as having raised serious questions going to the merits, let alone as having a likelihood of success. The evidence clearly establishes that the Bankruptcy Court approval condition, even assuming that it could have been relied upon given the fact that it obviously was included on the basis of the parties' mistaken impression that such approval was required, was waived. Both sides were well aware that Bankruptcy Court approval would not be forthcoming but decided to close anyway. In any case, plaintiff surely now is precluded from relying on the non-occurrence of that condition after having allowed Second to operate Century for nearly five years—five years during which plaintiff sued Second for damages on other relief based on the premise that the stock transfer agreement, contrary to plaintiff's present position, was in full force and effect.

Finally, plaintiff has not even attempted to show that the balance of hardships tips decidedly in his favor. It is difficult to imagine how he might do so.

*Conclusion*

For the foregoing reasons, the motion for a preliminary injunction is denied. These constitute the Court's findings of fact and conclusions of law.

SO ORDERED.

evidence of threatened irreparable harm, *see Bear U.S.A.*, 909 F.Supp. at 910, there is no such evidence here.