David **HARTZOG**, Plaintiff,

v.

**REEBOK INTERNATIONAL LTD.,**
**et ano., Defendants.**

No. 99 CIV. 10850(LAK).

United States District Court,
S.D. New York.

Dec. 16, 1999.

David Hartzog, pro se.

Scott J. Wenner, Christina L. Feege, Littler Mendelson, New York City, for Defendants.

### MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff brings this *pro se* employment discrimination action pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, against Reebok International, Ltd. ("Reebok") and The Rockport Company, Inc. ("Rockport"). Reebok, which is the parent company of Rockport, employed plaintiff from 1995 until some time in 1997. Rockport subsequently employed him as a retail sales person. He claims that both companies failed to promote him during his employment with each and that Rockport fired and otherwise retaliated against him after he filed complaints against both companies with the EEOC. Plaintiff moves for a preliminary injunction barring defendants from taking any further adverse employment action against him during the pendency of this action; in his latest submission, he asks for reinstatement to his employment *pendente lite.*

Plaintiff concedes that he is entitled to a preliminary injunction only if he demonstrates a threat of irreparable harm [1] and a least a likelihood of success on the merits and a balance of hardships tipping decidedly in his favor.[2] In fact, insofar as plaintiff seeks reinstatement pending the outcome of the case, he seeks mandatory relief and must show a "clear" or "substantial" likelihood of success on the merits.[3] Whatever the requisite showing of probability of success, however, the starting point is whether plaintiff has sufficiently demonstrated a risk of irreparable injury, as no preliminary injunction may be issued in the absence of a material threat of such harm.[4]

Plaintiff seeks two types of relief, reinstatement and a bar on future retaliatory action. It therefore is important to consider exactly what the *status quo* is.

According to the affidavit of Rockport's General Manager and Director of Retail, plaintiff was suspended from work, first

---

1. The threat "must be imminent or certain, not a matter of speculation." *Empire Transit Mix, Inc. v. Giuliani,* 37 F.Supp.2d 331, 334 (S.D.N.Y.1999) (citing *Tom Doherty Assocs., Inc. v. Saban Ent. Inc.,* 60 F.3d 27, 37 (2d Cir.1995)).

2. *See, e.g., Richard Feiner & Co. v. Turner Ent. Co., MGM/UA,* 98 F.3d 33, 34 (2d Cir.1996) (citing *inter alia Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam)).

3. *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996); *Management Technologies, Inc. v. Morris,* 961 F.Supp. 640, 649 (S.D.N.Y.1997).

4. *E.g., Triebwasser v. Am. Tel. & Tel. Co.,* 535 F.2d 1356, 1359 (2d Cir.1976); *Marcy Playground, Inc. v. Capitol Records, Inc.,* 6 F.Supp.2d 277, 280–81 (S.D.N.Y.1998); *Hamilton Bank, N .A. v. Kookmin Bank,* 999 F.Supp. 586, 588 (S.D.N.Y.1998); *Rothpearl v. Second Avenue Lumber Corp.,* 221 B.R. 76, 78 (S.D.N.Y.1998).

with pay and then, on November 4, 1999, without pay.[5] Plaintiff, on the other hand, claims that he has been fired.[6] The distinction is of little moment for purposes of this motion. Whatever the precise characterization, the *status quo* is that plaintiff neither is working nor receiving pay.

The only claim of irreparable injury made in plaintiff's moving affidavit, which antedated his suspension without pay or termination, as the case may be, was the threatened loss of his "sole source of economic support."[7] Defendants responded by contending that the loss of employment, absent extraordinary circumstances, does not constitute irreparable injury, as it plainly may be remedied by money damages.[8] They relied on *Ahmad v. Long Island University*,[9] among other authorities, for the proposition that injunctive relief in such a case is available only where the plaintiff has little chance of obtaining other employment, has no resources, has no private unemployment insurance, is unable to obtain a loan, is ineligible for public assistance, and is facing homelessness or bankruptcy.[10]

Plaintiff responded to this contention by characterizing it as "mean-spirited,"[11] but did not dispute its factual premises. He thus has made no showing that he cannot readily obtain other employment, that he lacks resources, that he is unable to borrow money, or that he is facing bankruptcy or other dire consequences absent an injunction. His only effort to establish a threat of irreparable injury has been to contend that other Rockport employees

will fear that they have no protection against discrimination or retaliation by Rockport if plaintiff does not obtain the relief he seeks here.[12]

■■■ This is an insufficient basis to warrant the conclusion that plaintiff is threatened with immediate and irreparable injury absent the extraordinary remedy of a preliminary injunction reinstating him for the pendency of the lawsuit. Indeed, plaintiff has made no showing whatever that *he* would be injured irreparably absent the relief for which he moves. His most recent function with Rockport was as a retail sales person. There is every reason to believe that he will find another job pending the outcome of the lawsuit if he makes a serious effort to do so. If he prevails in this action, he may receive back pay, compensatory and punitive damages, and reinstatement to his old job. Moreover, the availability of these remedies would be an adequate deterrent to discrimination and retaliation against other employees, even assuming that plaintiff were entitled to rely on threatened injury to others in support of his application for relief.[13]

The other aspect of plaintiff's motion is that which seeks to enjoin other retaliatory action *pendente lite*. As the foregoing indicates, plaintiff is not now actively employed or paid by Rockport, although Rockport contends that he remains on its roll of employees. In these circumstances, the only material risk of prospective adverse employment action is formal termination of plaintiff and whatever might flow

---

**5.** Palihnich Aff. ¶¶ 10–11.

**6.** Hartzog Aff., 11/23/99, ¶ 14.

**7.** Hartzog Aff., 10/27/99, at 1.

**8.** Rockport Mem. 16–17.

**9.** 18 F.Supp.2d 245 (E.D.N.Y.1998).

**10.** Rockport Mem. 16–17.

**11.** Hartzog Aff., 11/23/99, ¶ 18.

**12.** *Id.* ¶¶ 16–17.

**13.** Under the principle of *jus tertii*, one ordinarily must assert one's own legal rights and interests and not rely on those of others. *E.g., Gens v. Resolution Trust Corp.*, 112 F.3d 569, 574 (1st Cir.), *cert. denied*, 522 U.S. 931, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997); *Hudson Valley Freedom Theater, Inc. v. Heimbach*, 671 F.2d 702, 705 (2d Cir.), *cert. denied*, 459 U.S. 857, 103 S.Ct. 127, 74 L.Ed.2d 110 (1982); *United States v. First Nat. City Bank*, 568 F.2d 853, 860 n. 1 (2d Cir.1977) (Gurfein, J., concurring and dissenting).

from that. Assuming that has not occurred already, it would not be an idle possibility, as Rockport has stated that it has refrained from terminating plaintiff's employment only pending the decision on this motion.[14] Nevertheless, for the reasons outlined above, plaintiff has not shown that even a formal termination would subject him to irreparable injury.

As plaintiff has failed to establish a material risk of irreparable injury, there is no occasion to consider the merits of the complaint in deciding the motion. The motion for a preliminary injunction is denied.

SO ORDERED.