**David HARTZOG, Plaintiff.**

**v.**

**REEBOK INTERNATIONAL LTD., et ano., Defendants.**

**No. 99 Civ. 10850 (LAK).**

United States District Court, S.D. New York.

Dec. 17, 1999.

David Hartzog, pro se.

Scott J. Wenner, Christina L. Feege, Littler Mendelson, New York City, for Defendants.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Plaintiff brings this *pro se* employment discrimination action pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, against Reebok International, Ltd. and The Rockport Company, Inc. ("Rockport"). Reebok, which is the parent company of Rockport, employed plaintiff from 1995 until some time in 1997. Rockport subsequently employed him as a retail sales person. He claims that both companies failed to promote him during his employment with each and that Rockport fired and otherwise retaliated against him after he filed complaints against both companies with the EEOC. The Court previously denied plaintiff's motion for a preliminary injunction.[1] The matter now is presented on

---

**14.** Rockport Mem. 9.

**1.** *Hartzog v. Reebok Int'l Ltd.,* No. 99 Civ. 10850, 1999 WL 1212172 (S.D.N.Y. Dec. 16, 1999).

Rockport's motion to dismiss the complaint.[2]

*The Failure to Allege the Elements of a* McDonnell Douglas *Prima Facie Case*

Rockport's first contention is that plaintiff has failed to allege each of the elements of a *prima facie* case of failure to promote established by *McDonnell Douglas Corp. v. Green*[3] and its progeny. The contention, however, is without merit.

*McDonnell Douglas* established the standard for evaluating the sufficiency of a plaintiff's proof in an employment discrimination case, not the sufficiency of a complaint. As the Eighth Circuit wrote years ago in rejecting precisely such an argument:

> "[T]he prima facie case under [*McDonnell Douglas*] is an evidentiary standard—it defines the quantum of proof plaintiff must present to create a rebuttable presumption of discrimination that shifts the burden to defendant to articulate some legitimate, nondiscriminatory reason for its conduct. Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim. [Citation omitted] 'When a federal court reviews the sufficiency of a complaint ... [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"[4]

The plaintiff need provide only "a short and plain statement of the claim showing that the pleader is entitled to relief,"[5] and

the complaint may not be dismissed unless it is clear that the plaintiff can establish no facts under the complaint that would entitle the plaintiff to a remedy.[6]

■ Here, the complaint alleges that plaintiff, an African–American man, was not promoted, that he was subjected to discriminatory treatment, that he was denied adequate raises, that defendants treated similarly situated white employees more favorably, and that defendants retaliated against him for complaining to the EEOC. The complaint quite plainly alleges a legally sufficient claim of racial discrimination, assuming *arguendo* that it is within the statutes upon which plaintiff relies.

*At Will Employment and 42 U.S.C. § 1981*

Rockport's second argument is that plaintiff was an at will employee and, in consequence, that his claim of discriminatory denial of promotion under Section 1981 is insufficient because plaintiff "has failed to plead the existence of a written contract with Rockport ...."[7] This argument too is baseless.

■ As an initial matter, it is difficult to understand the basis for the argument. Section 1981, as amended, prohibits discrimination in the making and enforcement of contracts.[8] While an "at will" employment relationship is terminable at any time by either the employer or the employee, with or without cause, the relationship indisputably is contractual in nature.[9] Without attempting to define comprehensively the scope of the rights and obligations of

---

**2.** Plaintiff has not timely filed papers in opposition to the motion. The Court nevertheless is obliged to consider the merits of defendant's arguments.

**3.** 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**4.** *Ring v. First Interstate Mortg., Inc.,* 984 F.2d 924, 926–27 (8th Cir.1993) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). *Accord, e.g., Powell v. Ridge,* 189 F.3d 387, 394 (3d Cir.1999); *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249–50 (9th Cir.1997).

**5.** FED. R. CIV. P. 8(a).

**6.** *E.g., Conley v. Gibson,* 355 U.S. 41, 45–47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**7.** Rockport Mem. 4.

**8.** 42 U.S.C. § 1981.

**9.** *See, e.g., Sabetay v. Sterling Drug. Inc.,* 69 N.Y.2d 329, 333, 514 N.Y.S.2d 209, 211, 506 N.E.2d 919 (1987); *Weiner v. McGraw–Hill, Inc.,* 57 N.Y.2d 458, 463–64, 457 N.Y.S.2d 193, 196, 443 N.E.2d 441 (1982).

the parties, the employee covenants to perform services for the employer and the employer covenants to compensate the employee, in each case unless and until one of them terminates the agreement. In consequence, a failure to promote an at will employee involves a refusal by the employer either to modify the existing contract of employment or to enter into a new one. It therefore falls squarely within the term "make and enforce contracts" as it is defined in Section 1981(b).

Nor does the Court write on a blank slate. Although the Second Circuit has yet to rule on this point,[10] the Fourth and Fifth Circuits recently have held that at will employees are protected by Section 1981.[11] Judge Sweet only days ago reached the same result.[12] This Court agrees.

*Conclusion*

For the foregoing reasons, Rockport's motion to dismiss the complaint is denied in all respects.

SO ORDERED.

---

**10.** The matter now is before it. *Lauture v. IBM Corp.,* 98 Civ. 4882 (S.D.N.Y. filed May 25, 1999), *appeal docketed,* No. 99–7732 (2d Cir. June 21, 1999).

**11.** *Spriggs v. Diamond Auto Glass,* 165 F.3d 1015, 1018 (4th Cir.1999); *Fadeyi v. Planned*

*Parenthood Ass'n of Lubbock, Inc.,* 160 F.3d 1048, 1052 (5th Cir.1998).

**12.** *EEOC v. Die Fliedermaus, L.L.C.,* 77 F.Supp.2d 460, 469–70 (S.D.N.Y. 1999).