**TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 531 SICK AND WELFARE FUND and Pre–Paid Legal Fund, et ano., Plaintiffs,**

v.

**MIELE SANITATION CO. N.Y. INC. and Miele Sanitation Company, Defendants.**

**No. 02 CIV. 1040(LAK).**

United States District Court, S.D. New York.

March 14, 2002.

Barry I. Levy, Elan R. Kandel, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox LLP, New York City, for Plaintiffs.

Donald S. Tracy, Tracy & Edwards, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This matter is before the Court on plaintiffs' motion for a mandatory preliminary injunction requiring defendants to submit to an audit, allegedly pursuant to a collective bargaining agreement ("CBA").

*Facts*

The defendants in this case are Miele Sanitation Company, a New Jersey corporation ("MSC"), and Miele Sanitation Co. N.Y. Inc., a New York corporation ("MSC NY").

In 1955, MSC entered into a CBA with Local 531 of the International Brotherhood of Teamsters (the "Union") which, it appears, obliged it to make contributions to plaintiffs in respect of benefits afforded to its union employees. The agreement, so far as the record reveals, contained no automatic or evergreen clause and existed for "the duration of the agreement."[1] It expired on January 31, 1997.[2] New agreements covering the period ending some time in 2003 appear to have been negotiated, although not signed.[3] In any case, however, MSC continued to submit monthly remittance reports and benefit plan contributions to plaintiffs through at least the beginning of February 2002.[4] There never was any CBA between the Union and MSC NY.[5]

In or about July 2001, accountants retained by the plaintiffs sought to audit the books of "Miele," but "Miele" was unresponsive.[6] On August 9, 2001, the accountant wrote to demand an audit of MSC, but this too was ignored.[7] Subsequent overtures and letters demanding an audit of MSC met with the same fate until a Ms. Miele finally asked to schedule the audit for October 22, 2001.[8] This appointment was not kept, so the accountants ultimately wrote to say that they would arrive to

---

1. Tracy Aff. ¶ 8.

2. *Id.* ¶ 6.

3. Eckert Aff. ¶ 4 & Exs. A, B.

4. Levy Reply Decl. ¶ 3 & Ex. A.

5. Tracy Aff. ¶ 7.

6. Eckert Aff. ¶¶ 5–8.

7. Eckert Aff. ¶ 10.

8. *Id.* ¶¶ 10–14.

conduct the audit on December 17, 2001. When they arrived, however, they were told that no audit would be permitted.[9]

Plaintiffs thereupon commenced this action against MSC N.Y. to require that it submit to an audit. Soon thereafter they filed proof of service on MSC, not MSC NY. Then, apparently concluding that they had sued the wrong party or, at least, that plaintiffs should have sued MSC as well as MSC NY, the parties stipulated to add MSC as a defendant and to deem all claims previously asserted against MSC N.Y. also to have been asserted against MSC. On the following day, plaintiffs moved for a preliminary injunction requiring MSC NY—but, for some reason, not MSC—to submit to an audit. Defendants papers, however, proceed on the assumption that the relief is sought against both companies,[10] so the Court proceeds accordingly.

### Discussion

*Preliminary Injunction Standard*

■ Ordinarily, one seeking a preliminary injunction in this Circuit must "demonstrate a threat of irreparable injury and either (i) a likelihood of success on the merits, or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly in the movant's favor."[11] A heightened standard applies, however, where the movant seeks mandatory relief or where the relief sought, if granted, would award substantially all of the relief that the movant would be entitled to if it prevailed on the merits.[12] In such circumstances, one "must make a 'clear' or 'substantial' showing of a likelihood of success" on the merits.[13] In any case, a clear showing of threatened irreparable injury is essential.[14]

*Irreparable Injury*

■ In this case, plaintiffs have failed to establish any threat of irreparable injury. While plaintiffs protest that the refusal to permit an audit has prevented them from learning whether the defendants possess or have converted plan assets, they have adduced no evidence whatsoever to support any suspicion that assets have been diverted. Further, defendants have submitted an affidavit from an individual who is an officer of both companies denying that any books and records have been or will be destroyed or altered. There is no reason to suppose the contrary.

Further, plaintiffs quite plainly have been sitting on their rights for a considerable period of time. It took them nine months from the defendants' initial failure to respond to their demand to seek interlocutory relief in this case. This failure promptly to seek provisional relief seriously undermines any claim of threatened ir-

---

9. *Id.* 15–19.

10. *E.g.,* Tracy Aff. ¶ 3.

11. *Absolute Recovery Hedge Fund, L.P. v. Gaylord Container Corp.,* 185 F.Supp.2d 381, 384–85 (S.D.N.Y.2002) (citing *Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir.1999)); *Alliance Bond Fund v. Grupo Mexicano de Desarrollo, S.A.,* 143 F.3d 688, 696 (2d Cir.1998), *rev'd on other grounds,* 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999).

12. *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996)

13. *Id.*

14. *E.g., Triebwasser v. Am. Tel. & Tel. Co.,* 535 F.2d 1356, 1359 (2d Cir.1976); *Marcy Playground, Inc. v. Capitol Records, Inc.,* 6 F.Supp.2d 277, 280–81 (S.D.N.Y.1998); *Rothpearl v. Second Avenue Lumber Corp.,* 221 B.R. 76, 78 (S.D.N.Y.1998).

reparable injury.[15] Accordingly, the Court finds that plaintiffs have failed to establish a serious threat of irreparable injury.

### Likelihood of Success on the Merits

The foregoing is sufficient to dispose of this motion. In view of the possibility that a reviewing court might take a different view, however, the Court will address the merits as well.

It is readily apparent that plaintiffs have not established even an arguable case against MSC NY. It is undisputed that MSC N.Y. never has been a party to a CBA obliging it to submit to an audit. In consequence, plaintiffs fall back on the single employer doctrine, which holds that "[a] single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all practical purposes, there is in fact only a single employer." [16]

The factors relevant to determining whether two ostensibly separate entities are a single employer include interrelation of operations, common management, centralized control of labor relations, and common ownership.[17]

In this case, plaintiffs have submitted no evidence whatsoever in support of their single employer theory. Apart from the fact that Joseph Miele is an officer of both companies and that both bear the Miele name, there is simply nothing. While the Court, given the nature of the industry and the apparent family nature of the busi-nesses, would not be surprised if plaintiffs eventually developed a stronger case along these lines, that is no substitute for proof. The Court finds that plaintiffs have not established a likelihood of success as against MSC N.Y. at this stage.

MSC is another question. There certainly is evidence from which one might conclude that CBAs covering the period here in question were negotiated and, if not signed, treated as binding on the parties. In these circumstances, plaintiffs are likely to prevail against MSC.

### Conclusion

As a clear threat of irreparable injury is indispensable to the issuance of a preliminary injunction, and as plaintiffs have made no such showing, the motion is denied. There is no reason, however, for this action to drag on. Discovery shall be completed by May 1, 2002. A joint pretrial order and any dispositive motions shall be filed no later than May 15, 2002.

SO ORDERED.

**15.** *See generally, e.g., Fabrication Enterprises, Inc. v. Hygenic Corp.,* 64 F.3d 53, 62 (2d Cir.1995); *Marcy Playground, Inc.,* 6 F.Supp.2d at 281 (S.D.N.Y.1998); *Rothpearl,* 221 B.R. at 78 n. 4; *Bear U.S.A., Inc. v. A.J. Sheepskin & Leather Outerwear, Inc.,* 909 F.Supp. 896, 909 (1995).

**16.** *Mason Tenders Dist. Council Welfare Fund v. ITRI Brick and Concrete Corp.,* No. 96 Civ. 6754(LAK), 1997 WL 678164, at *10 (S.D.N.Y. Oct. 31, 1997).

**17.** *E.g., Radio & Television Broadcast Tech. Local Union 1264 v. Broadcast Serv. of Mobile, Inc.,* 380 U.S. 255, 256, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965) (per curiam).